No. 13218

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

LEWISTOWN PROPANE COMPANY,
A Corporation,

Plaintiff and Appellant,

-vs-

UTILITY BUILDERS INC., A
Corporation and CITY OF LEWISTOWN,
A Montana Municipal Corporation,

Defendants and Respondents.

---

Appeal from: District Court of the Tenth Judicial District,
Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

For Appellant:

Johnson and Foster, Lewistown, Montana
Robert L. Johnson argued, Lewistown, Montana

For Respondent:

Smith, Emmons, Baillie and Walsh, Great Falls,
Montana
William L. Baillie argued and James R. Walsh, argued,
Great Falls, Montana
Alexander, Kuenning, Miller and Ugrin, Great Falls,
Montana
Edward C. Alexander argued, Great Falls, Montana

---

Submitted: May 24, 1976

Decided: AUG 3 1976

Filed: AUG 3 1976

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

In this cause a motion to dismiss the appeal was filed by respondents on the ground that appellant failed to timely file notice of appeal as required by statute.

The record discloses: On June 12, 1975, the district court of Fergus County, Hon. Bernard W. Thomas, Judge presiding, entered judgment in favor of respondents, Utility Builders, Inc. and the City of Lewistown. On July 13, 1975, notice of entry of judgment was mailed to plaintiff and appellant, Lewistown Propane Company. On June 19, 1975, appellant submitted a proposed motion for an additional ten days to file "* * * post trial motions herein and in which to serve and file * * * motion to retax costs herein." The district court granted this motion on June 20, 1975, subject to Rule 6(b), M.R.Civ.P.

On July 7, 1975, appellant served notice by mail of its motion for new trial. Respondents countered by filing on July 11, 1975, motions to strike on the basis the motion for new trial was untimely, or in the alternative, to continue hearing on appellant's motion. On July 23, appellant filed two motions: (1) under Rule 60 (b)(1) and Rule 60 (b)(6), M.R.Civ.P., for relief from the effect of failure to timely file and serve motion for new trial; (2) under Rule 5, M.R.App.Civ.P., for an extension of time in which to file notice of appeal. The district court granted appellant's motion for relief under Rule 60 (b), M.R.Civ.P., on August 11, 1975, denying on the merits the motion for new trial. Appellant's second motion for an extension of time in which to file notice of appeal was deemed moot and not ruled upon. On August 13, 1975, appellant filed notice of appeal.

The only issue presented is whether appellant filed timely notice of appeal.

The issue is clearly controlled by Rule 5, M.R.App.Civ.P., which states in pertinent part:

"The time within which an appeal from a judgment or an order must be taken shall be 30 days from the entry thereof, except that in cases where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment, but if the State of Montana, or any political subdivision thereof, or an officer or agency thereof is a party the notice of appeal shall be filed within 60 days from the entry of the judgment or order or 60 days from the service of notice of the entry of judgment. * * *." (Emphasis supplied.)

There can be/doubt one of the respondents, the City of Lewistown, a Montana municipal corporation, is a political subdivision of the state of Montana. Article XI, 1972 Montana Constitution; Dietrich v. City of Deer Lodge, 124 Mont. 8, 218 P.2d 708; State ex rel. Great Falls Housing Authority v. City of Great Falls, 110 Mont. 318, 100 P.2d 915.

However, respondents contend that the sixty day provision for filing notice of appeal, as contemplated by Rule 5, M.R.App. Civ. P., is meant to apply only to situations where the state, a political subdivision thereof, or an officer or agency thereof is the party appealing.

We do not construe Rule 5 so narrowly. Nothing is said in Rule 5 as to what position the state, its political subdivisions, agencies, or officers must occupy on appeal for the sixty day rule to apply. All that is required is that some party to the action be a state officer, state agency, the state itself or a political subdivision thereof.

Therefore, as long as this requirement is satisfied, any party wishing to appeal the judgment or order in that action has sixty days in which to file notice of appeal. Believing Rule 5 to be clear on its face, we do not feel compelled to cite any further legal authority for the position that appellant in the instant case had sixty days to file notice of appeal.

The question then becomes whether appellant acted within the prescribed sixty day period. Notice of entry of judgment was mailed by respondents on June 13, 1975. For purposes of calculating the sixty days, the notice of entry of judgment became effective on June 16, 1975, pursuant to Rule 6(e), M.R.Civ.P. Appellant filed notice of appeal on August 13, 1975, two days before the sixty day time period expired. Thus notice of appeal was timely filed.

The motion of respondents to dismiss this appeal is denied.

_____
Justice

We Concur:

_____

_____

_____
Justices.

_____
Hon. Gordon Bennett, District
Judge, sitting for Chief Justice
James T. Harrison.

- 4 -