No. 13554

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA, ACTING BY
AND THROUGH THE DEPARTMENT OF
HIGHWAYS OF THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

THOMAS J. HELEHAN,

Defendant and Respondent.

---

Appeal from:  District Court of the Second Judicial
District
Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

For Appellant:

Daniel J. Sullivan argued, Helena, Montana

For Respondent:

Stimatz and Engel, Butte, Montana
Joseph C. Engel argued, Butte, Montana

---

Submitted:  January 11, 1977

Decided: JAN 28 1977

Filed: JAN 28 1977

Thomas J. Kearney
                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

In a highway condemnation action, the district court of Silver Bow County entered judgment for the property owner in the amount of $87,742.04. The State of Montana appeals from the judgment and denial of its motion to alter or amend the judgment.

The action was originally filed by the State in 1965 against multiple defendants owning fractional interests in the property sought to be condemned. By 1976 the only remaining defendant was Thomas Helehan who owned a 1/8 interest in the property.

Commissioners were appointed to determine the value of Helehan's interest in the property. On June 15, 1976, the commissioners' report was filed with the clerk of the district court and copies were mailed to the respective attorneys. A copy of the commissioners' report was received by the State on June 16.

On July 16 the State mailed its notice of appeal from the commissioners' award to the clerk of court and to the attorney for the property owners. On July 19 judgment was entered on the commissioners' report which included the amount of the award, survey costs, appraisal fees, interest, attorney fees and costs. On the same date the State's notice of appeal from the commissioners' award was received by the clerk of the district court and filed.

Thereafter the State moved to alter or amend the judgment which, in effect, was a motion to vacate the judgment. Following hearing, the district court denied this motion and entered findings of fact, conclusions of law and an opinion. The State then filed its notice of appeal from the judgment and order of the district court denying its motion.

The gist of the district court's decision was that the

State's notice of appeal was filed too late. The district court held the controlling statute, section 93-9915, R.C.M. 1947, required the notice of appeal to be served on the property owner's attorney <u>and</u> filed with the clerk of court within 30 days after service of notice of the commissioners' award on the State's attorney and filing with the clerk of court. The district court held that such service was completed on June 15 and the time for appeal expired on July 15 at 5:00 p.m.

The controlling issue on appeal is the timeliness of the State's appeal from the commissioners' award.

The statutory procedure (section 93-9915) for an appeal from a commissioners' award provides in pertinent part:

> "An appeal from any assessment made by the commissioners may be taken and prosecuted in the court where the report of said commissioners is filed by any party interested. Such appeal must be taken within the period of thirty (30) days after the service upon appellant of the notice of the filing of the award by the service of notice of such appeal upon the opposing party or his attorney in such proceedings and the filing of the same in the district court wherein the action is pending * * *."

Here the commissioners' report was served on the State on June 15. Service by mail is complete upon mailing. Rule 5(b), M.R.Civ.P. See Davis v. Trobough, 139 Mont. 322, 363 P.2d 727 and Herdegen v. Oxarart, 141 Mont. 464, 378 P.2d 655, decided under section 93-8504, R.C.M. 1947, the statutory predecessor of Rules 5 and 6, M.R.Civ.P.

However, service did not become effective until June 18 for the purpose of calculating the 30 day appeal period. Rule 6(e), M.R.Civ.P., states:

> "(e) <u>Additional Time After Service by Mail</u>. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

In accord: Lewistown Propane Co. v. Utility Builders Inc.,

_____Mont._____, 552 P.2d 1100, 33 St.Rep. 745.

Thus, the 30 day appeal period would normally end on July 18. But here July 18, 1976, fell on a Sunday so the appeal period did not expire until the end of the next day, July 19. Rule 6(a), M.R.Civ.P. provides in relevant part:

> "(a) Computation. In computing any period of time prescribed or allowed * * * by any applicable statute, the day of the act * * * after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a holiday. * * *"

In accord: Lewistown Propane Co. v. Utility Builders Inc., supra; Grey v. Silver Bow County, 149 Mont. 213, 425 P.2d 819.

Hence the State's notice of appeal was timely filed on Monday, July 19. The judgment of the district court is vacated and this cause remanded to the district court of Silver Bow County for trial on the issue of damages.

_____
                                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -