No. 14577

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

THE STATE OF MONTANA, ACTING BY AND
THROUGH THE DEPARTMENT OF HIGHWAYS
OF THE STATE OF MONTANA,

           Plaintiff and Appellant,

-vsz-

SHIRLEY ROGERS, a woman,

           Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
          Honorable Jack L. Green, Judge presiding, and
          Honorable E. Gardner Brownlee, Judge presiding.
Counsel of Record:

    For Appellant:

        M. Gene McLatchy, Highway Legal Dept., Helena, Montana

    For Respondent:

        Boone, Karlberg and Haddon, Missoula, Montana
        Koch and McKenna, Hamilton, Montana

---

            Submitted on briefs: May 31, 1979

                    Decided: OCT 3 1979

Filed: OCT 3 1979

*Thomas J. Kearney*, Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal in an eminent domain proceeding by the State of Montana from the District Court's granting of respondent's petition for final judgment and order fixing costs as prayed for by respondent.

Appellant filed a complaint in Ravalli County on March 23, 1978, seeking condemnation of respondent's property for purposes of constructing a public highway. On April 3, respondent filed an answer claiming $66,000 as just compensation for the taking of her property and for the depreciation that would accrue to the property not taken. The District Court then nominated and appointed three land value commissioners to ascertain the amount of compensation to be paid.

After a hearing on May 12, the commissioners filed a report with the clerk of court on June 6 assessing respondent's just compensation as $40,000, $9,100 of which was for the property taken and $30,900 of which was for the property not taken. A copy of the report and notice of its entry were mailed to the parties by the clerk on June 6.

On August 3, 58 days after the commissioners' assessment was filed, appellant filed a notice of appeal contesting the assessment. Respondent subsequently petitioned the District Court for judgment for the reason that appellant had failed to file a notice of appeal within 30 days after the service of the notice of filing of the commissioners' report and a copy of that report. In response, appellant filed a motion requesting an order vacating the commissioners' report of June 6. The District Court, however, denied appellant's motion and granted judgment in

favor of respondent on August 18. In a separate proceeding the District Court entered an order on September 18 allowing necessary costs of the litigation as prayed for by respondent. Following these rulings, appellant's motions to amend the court's findings, conclusions and order of August 31, and the court's ruling on September 18 with respect to costs were denied. An appeal was filed with this Court on October 31.

On appeal we consider the following two issues:

1. Did the District Court err in determining that appellant failed to appeal from the land value commissioners' report within the time provided by law, and hence, the court lacked jurisdiction to hear the appeal?

2. Did the District Court err in finding, as necessary and reasonable expenses, attorney fees which were based upon a contingency fee contract and appraiser fees where the appraiser did not testify at the land commissioners' hearing?

With respect to the first issue, the statutory procedure for appealing a commissioners' assessment in an eminent domain proceeding is stated in section 70-30-304, MCA, and provides in pertinent part:

> "Appeal to District Court from Assessment of Commissioners. (1) An appeal from any assessment made by the commissioners must be taken and prosecuted in the court where the report of said commissioners is filed by any party interested. Such appeal must be taken within the period of thirty (30) days after the service upon appellant of the notice of the filing of the award . . ."

Here, the commissioners' report was mailed to the parties by the clerk of court on June 6. While the thirty-day appeal period would have normally expired on July 6, appellant could have claimed extensions until July 10. In computing the time period for purposes of appeal, the

Montana Rules of Civil Procedure provide for a three-day extension when a party receives service by mail and has the right to do some act, such as file an appeal, and an extension when the last day of the period falls on a Sunday. Rules 6(e) and 6(a), M.R.Civ.P.

Appellant, however, filed a notice of appeal on August 3, 58 days after the commissioners' assessment was filed. Appellant nevertheless maintains that the notice of appeal was timely because the time for appeal did not begin to run when the manner of service departed from the method of service prescribed by the statute. When the statute calls for service as "in the manner of a summons," appellant contends that service by mail will not suffice and that a departure from the prescribed method is a jurisdictional defect which cannot be waived. Appellant argues for a strict construction of section 70-30-303, MCA, which provides:

> "Report of Commissioners. The report of commis-
> sioners shall be made on such forms as are pro-
> vided for their use by authority of the court.
> Such report must be filed . . . with the clerk
> of court and the Clerk must forthwith notify the
> parties that such report has been filed, with
> notice, together with a true copy of said report,
> must be served upon all the parties interested,
> in the same manner as a summons . . ."

Respondent, in turn, places emphasis upon appellant's receiving actual notice of the commissioners' report. We are referred to the findings of fact of the District Court where it was found that appellant received a copy of the commissioners' report and notice of its entry on June 8. Respondent also argues that this Court has implicitly held that the manner of service prescribed under the eminent domain statutes is a procedural defect which may be waived. State of Montana v. Helehan (1977), 171 Mont. 473, 559 P.2d

817. In _Helehan_ service of the commissioners' report was made by mail and such service did not prevent the court from assuming jurisdiction of the appeal.

In this case, however, we refrain from approving of methods of service which depart from prescribed statutory procedures. Nor do we adopt respondent's interpretation of _Helehan_. We simply hold that where a party receives actual notice of the commissioners' report in an eminent domain proceeding and fails to file a notice of appeal within the time provided by law, the court is without jurisdiction to hear the appeal.

Since the District Court found that appellant received actual notice and admitted service on June 8 and that finding has not been shown to be clearly erroneous, it shall not be set aside. Rule 52(a), M.R.Civ.P.; Farmer's State Bank v. Mobile Homes Unlimited (1979), ____ Mont. ____, 593 P.2d 734, 36 St.Rep. 792, 796. Accordingly, we hold that appellant's notice of appeal was not timely filed and that the District Court lacked jurisdiction to hear the appeal.

Appellant challenges the appraiser's fee upon two grounds—the necessity of the expense, and the fact that the appraiser did not testify at the commission hearing. Appellant contends that not calling the appraiser to testify at the commission hearing deprived it of the right of cross-examination of the appraiser.

At the cost hearing respondent produced proof of payment of the appraiser by a $1,400 cashier's check. The court stated that it considered the employment of an appraiser a necessary action by the landowner to prepare her case, and that the state should reasonably expect that the landowners would look to experts in order to determine their damages by virtue of the taking.

-5-

The only testimony before the District Court as to the reasonableness of the appraiser's charges was produced by respondent. That testimony showed that a charge of $175 per day for eight days was reasonable and usual for the services of a professional appraiser. The expense was necessarily incurred by respondent and under section 70-30-306, MCA, was properly awarded here.

With respect to the attorney fees, the evidence shows that the final offer to respondent from appellant was $7,800. Respondent entered into a contingent fee arrangement with her lawyers in May 1977 fixing the attorneys' compensation at 30 percent of any recovery in excess of $7,800. The retainer contract provided that any amount awarded respondent by the court as attorney fees would be a credit against the contingent fee. Testimony at the cost hearing produced by respondent showed that a 30 percent contingent fee contract in eminent domain cases, on the cases established here, was reasonable, and perhaps lower than the usual one-third contingent fee charged by some lawyers. It was admitted that counsel for respondent were experienced practitioners in eminent domain cases. It was also shown that $50 per hour was the prevailing rate for lawyers' services in the area at that time and that in this case the attorneys had logged a total of 80 hours of work, excluding the work for the cost hearing.

Respondent claimed she was entitled to the amount of fees calculated under the contingent fee contract because she was obligated to pay the same in any event and because the contingent fee was necessary and reasonable under the circumstances. Appellant objected, claiming that any fee in excess of the hourly rate was contra to section 70-30-306, MCA.

Section 70-30-306, MCA, became effective July 1, 1977. The contingent fee was agreed upon in May 1977, before the effective date of the statute. The District Court decided that since the statute, which limits attorney fees to be recovered by condemnees to customary hourly rates for attorneys in the county involved, became effective after the contingent fee contract was agreed to, it would award the contingent fee under the statute which preceded section 70-30-306, MCA. Accordingly, the District Court awarded $9,600 in attorney fees.

Because the retainer contract was agreed to before section 70-30-306 came into effect, this case is controlled by State v. Olsen (1975), 166 Mont. 139, 531 P.2d 1330. In Olsen this Court approved a contingent fee contract of 25 percent where proof of the reasonableness of the percentage was made at the hearing, as necessary to make the landowner whole under Article II, Section 29, 1972 Montana Constitution. Here appellant offered no evidence as to either a reasonable hourly rate or the reasonableness of 30 percent contingent fee contract. The District Court acted according to the evidence before it and the prevailing law. Therefore, its determination of attorney fees in this case will not be disturbed.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-