No. 80-317

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

———————————

IN RE THE MARRIAGE OF:

KEMP WILSON,

Petitioner and Respondent,

and

BETTY WILSON,

Respondent and Appellant.

———————————

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone
Honorable Diane G. Barz, Judge presiding.

Counsel of Record:

For Appellant:

Holmstrom, Dunaway and West, Billings, Montana
Robert W. Holmstrom, Billings, Montana

For Respondent:
Berger, Sinclair and Nelson, Billings, Montana
James J. Sinclair, Billings, Montana

———————————

Submitted on briefs: March 4, 1982

Decided: May 6, 1982

Filed: MAY 6 1982

_Thomas J. Kearney_
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Wife appeals from the denial of her motion to amend findings and judgment and her motion for new trial. She also challenges the property distribution, child support and maintenance awards made by the Thirteenth Judicial District Court in this dissolution action. We vacate the order of the District Court.

The following issue is dispositive:

Whether the District Court erred in denying wife's motion to amend findings and judgment and her motion for new trial.

The parties were married in 1962. At the time of their divorce in 1980, they had three minor children, who they agreed should stay with the wife. The District Court entered its findings and conclusions on May 27, 1980, and its decree on May 29, 1980. Notice of entry of judgment was mailed to the parties' counsel on May 29, 1980.

On June 10, 1980, the wife filed with the court, and personally served upon the husband's counsel, her motion to amend findings and judgment, and her motion for new trial. The motions were opposed by the husband and denied by the District Court on the grounds that the wife had failed to comply with Rule 59(b) and Rule 59(g) of the Montana Rules of Civil Procedure. The wife appeals to this Court.

I.

The District Court based its denial of the wife's motions upon Rule 59(b), M.R.Civ.P.:

> "A motion for a new trial shall be served not later than 10 days after service of notice of the entry of the judgment."

and Rule 59(g), M.R.Civ.P.:

> "A motion to alter or amend the judgment shall
> be served not later than 10 days after the
> service of the notice of the entry of the judg-
> ment, and may be combined with the motion for
> a new trial herein provided for. This motion
> shall be heard and determined within the time
> provided hereinabove with respect to a motion
> for a new trial."

The wife filed her motions with the court and served them upon husband's counsel twelve days after notice of entry of judgment was mailed to her. The July 17, 1980, order of the District Court denying the wife's motions did not make reference to Rule 6(e), M.R.Civ.P.

This Court has held that, for purposes of determining timeliness of subsequent action where Rule 6(e) applies, service is not "effective" until three days after notice of entry of judgment is mailed.

> "Here the commissioners' report was served on
> the State on June 15. Service by mail is
> complete upon mailing. Rule 5(b), M.R.Civ.P.
> [Citations omitted.]
>
> "However, service did not become effective
> until June 18 for the purpose of calculating
> the 30 day appeal period. Rule 6(e), M.R.Civ.P.,
> states:
>
> "'(e) _Additional Time After Service by Mail._
> _Whenever a party has the right or is required_
> _to do some act or take some proceedings with-_
> _in a prescribed period after the service of_
> _a notice or other paper upon him and the notice_
> _or paper is served upon him by mail, 3 days_
> _shall be added to the prescribed period._'
>
> "In accord: _Lewistown Propane Co._ v. _Utili-_
> _ty Builders, Inc._, Mont., 552 P.2d 1100, 33
> St. Rep. 745.
>
> "Thus, the 30 day appeal period would normally
> end on July 18. . ." (Emphasis added.) State
> By and Through Dept. of Highways v. Helehan
> (1977), 171 Mont. 473, 475, 559 P.2d 817, 818-
> 819. See also State By and Through Dept. of
> Highways v. Helehan (1980), _____ Mont. _____,
> 615 P.2d 925, 928, 37 St.Rep. 1516, 1518."

In the case at bar, the wife had, as Rule 6(e) requires, the right to "take some proceedings within a prescribed

period after the service of a notice," _viz._, to move for amended findings and judgment, and for new trial, within ten days after service of notice of entry of judgment. The notice was served by mail on May 29, 1980. Clearly Rule 6(e) is applicable. The wife had an additional three days, or until June 11, 1980, to serve her Rule 59 motions. We find that the wife's Rule 59 motions, served on June 10, 1980, were timely.

We vacate the District Court's order of July 17, 1980, denying the wife's Rule 59 motions, and remand this cause to the District Court for consideration of those motions on their merits.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

-4-