No. 82-72

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

BRIAN O'CONNELL,

            Plaintiff and Appellant,

    vs.

JOSEPH HEISDORF, et al,

            Defendant and Respondent.

---

Appeal from:  District Court of the Third Judicial District,
            In and for the County of Powell
            Honorable Robert Boyd, Judge presiding.

Counsel of Record:

    For Plaintiff:

        Harrison, Loendorf and Poston; Jerome T. Loendorf, Helena,
        Montana

    For Defendant:

        Poore, Roth & Robinson; James A. Poore, Butte, Montana

---

                    Submitted on briefs:  August 19, 1982

                                Decided:  December 29, 1982

Filed: DEC 29 1982

_____
                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The plaintiff, Brian J. O'Connell appeals from a Powell County District Court judgment quieting title to certain mining properties in favor of the defendants, Joseph Heisdorf, et al. and declaring O'Connell's mining claims to be void. O'Connell has challenged the sufficiency of the evidence. We dismiss the appeal because the notice of appeal was filed too late, thereby depriving this court of jurisdiction.

Our discussion is limited to the procedural defects upon which we base the dismissal. There are three defects, any one of which requires a dismissal for lack of jurisdiction.

The original judgment was entered on October 8, 1981 and notice of entry of judgment was given on the same day. The next day, October 9, 1981, the plaintiff filed a motion objecting to defendants' memorandum of costs and noticed it up for a hearing on October 22, 1981. It does not appear that a hearing was held on October 22, nor is there any indication that the trial court entered an order for a different hearing date. For reasons not disclosed by the record, the court did not rule on the objection to the costs. Rather on October 26, 1981, the parties stipulated to the costs.

A motion objecting to costs does not, however, stop the judgment from running. Only certain motions will suspend the running of the judgment for the purpose of filing a notice of appeal. Rule 5, M.R.App.Civ.P. lists those motions and includes a Rule 59, M.R.Civ.P. motion to alter or amend judgment. A motion objecting to costs is provided for by section 25-10-502, MCA and is outside the scope of a Rule 59 motion to alter or amend judgment. We find authority for this view in the Federal Rules of Civil Procedure. Rule 59(e), F.R.Civ.P. provides that a motion to alter or amend judgment must be served not later than ten days after entry of the judgment. A comment to that rule states that "[w]here costs are part of the judgment, an amendment of the bill of

2

costs is not governed by Rule 59(e)." 6A Moore's Federal Practice §
59.12(1), n. 34. We also note that the last sentence of our own Rule 58,
M.R.Civ.P. expressly provides that, "[t]he entry of the judgment shall
not be delayed for the taxing of costs." This rule clearly implies that
taxing of costs is not to be considered as part of the judgment insofar as
the running of time for the notice of appeal after the entry of judgment.
Once notice of entry of judgment is served by the clerk of court under
Rule 77(d), M.R.Civ.P., the clock starts running regardless of what later
takes place concerning the separate item of costs.

The clock began to run on the judgment on October 8, 1981, and Rule
5, M.R.App.Civ.P. provides that an appeal from a judgment must be taken
within 30 days from the entry thereof. Including 3 days for service by
mail (Rule 6(e), M.R.Civ.P.) the latest date for the filing of this
appeal would have been November 8, 1981. The plaintiff did not file the
notice of appeal until January 26, 1982, long after the time had lapsed.
The time limits for filing an appeal are mandatory and jurisdictional.
Absent compliance, we do not acquire jurisdiction to determine an appeal
on the merits. Price v. Zunchich (1980), _____ Mont. _____, 612 P.2d
1296, 37 St.Rep. 1058.

On October 29, 1981, an amended judgment was entered to reflect the
amount of costs as stipulated by the parties, and on that same date the
clerk of court mailed another notice of entry of judgment to the
plaintiff. On November 13, 1981, 15 days after this notice of entry of
judgment, the plaintiff filed a motion to amend the judgment, supported
by a brief. The plaintiff did not notice up this motion for a hearing.
Rule 59(g), M.R.Civ.P. provides that a motion to amend a judgment must be
filed within ten days of the notice of entry of judgment. If we include
three additional days permitted by Rule 6(e), M.R.Civ.P. for service of
the notice of entry of judgment by mail, the motion to amend judgment was
still late. Counting from the October 29 notice of entry of judgment,
plus ten days, plus the three days allowed for mailing, the motion to

3

amend judgment should have been filed at least by November 11, 1981. Because it was filed too late, the trial court had no jurisdiction to hear or determine the motion to amend the judgment. This Court will not disregard the ten day time limitation of Rule 59(g). Matter of Estate of Gordon (1981), ____ Mont. ____, 628 P.2d 1117, 38 St.Rep. 887. In addition, because the motion to amend judgment was filed too late, the time for filing the notice of appeal was not suspended. Assuming that the clock began running on the date of the amended judgment, October 29, 1981, the notice of appeal was filed January 26, 1982, almost three months later and well beyond the 30 day time limit. A second defect exists which denies us jurisdiction to hear the appeal.

Assuming now that the plaintiff's motion to amend the October 29, 1981 judgment was filed in time, Rule 59(d), M.R.Civ.P. provides that if a party files a motion to amend a judgment without noticing it up for a hearing, the trial court must rule on that motion within 15 days of the filing date, or the motion is automatically deemed denied. Winn v. Winn (1982), ____ Mont. ____, ____ P.2d ____, 39 St.Rep. 1831; Oster v. Oster (1980), ____ Mont. ____, 606 P.2d 1075, 37 St.Rep. 264.

Here plaintiff did not notice up the motion to amend judgment for a hearing. The defendants filed a memorandum in opposition and the motion was deemed submitted on November 17, 1981. The trial court did not rule on the motion until December 24, 1981, more than a month after it had been deemed submitted. The motion was automatically deemed denied after 15 days and it was error for the trial court to rule after the expiration of the time period measured from the date of submission of the motion. See Kelly v. Sell and Sell Paint Contractors (1978), 175 Mont. 440, 574 P.2d 1002.

The motion was deemed denied on December 2, 1981 and the 30 day time for entering a notice of appeal would have started running on that date. Again the plaintiffs did not file their notice of appeal until January 26, 1982, well beyond the allowable 30 days.

4

For these reasons, this Court has no jurisdiction to hear the appeal. The appeal is dismissed.

_____
                Justice

We Concur:

_____

_____

_____
                Justices

5