No. 87-321

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

MURLAND W. SEARIGHT and VIRGINIA
SEARIGHT,

        Plaintiffs and Appellants,

   -vs-

MICHAEL CIMINO,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Patrick M. Springer, Kalispell, Montana

    For Respondent:

        James C. Bartlett, Kalispell, Montana

---

Submitted on Briefs:  Nov. 6, 1987

Decided:  January 12, 1988

Filed: JAN 12 1988

_____
          Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellants appeal from a judgment and order of the District Court, Eleventh Judicial District, Flathead County, denying appellants' prayer for Rule 11 sanctions against respondent and imposing sanctions in favor of respondent. We affirm.

Appellants raise five issues on appeal.

1. Did the District Court deprive appellants of property without due process in violation of the United States and Montana Constitutions?

2. Did the District Court otherwise err by ruling that appellants were required to prepare and convey an easement to respondent?

3. Did the District Court abuse its discretion by adopting verbatim respondent's proposed findings of fact and conclusions of law?

4. Did the court err by failing to impose sanctions on respondent and his counsel as required by Rule 11, M.R.Civ.P.?

5. Did the court abuse its discretion when it imposed Rule 11 sanctions on appellants?

Respondent raised two issues of his own.

1. Was appellants' motion to alter or amend the judgment timely filed, and was the notice of appeal timely filed?

2. Should sanctions be imposed against appellants pursuant to Rule 32, M.R.App.P., for bringing this appeal?

This dispute initially arose during litigation between the parties concerning respondent Cimino's liability for half the costs of the construction of an airstrip on property

owned by appellants, the Searights, and adjacent to property the Searights had sold to Cimino. On May 14, 1985, judgment was entered in favor of the Searights. The contract for deed contained a provision that allowed Cimino the right to use the airstrip and obligated the Searights to secure that right in the event they sold their property. On June 5, 1986, Cimino's attorney mailed the Searights' attorney a check in satisfaction of the judgment and a document for the Searights' signatures giving Cimino an easement for the use of the airstrip. Shortly thereafter, Murland Searight sent his attorney a letter in which he complained that the easement went outside the scope of the contract for deed and that he would not sign it. Cimino's attorney received a copy of the letter and was also told by the Searights' attorney that no easement would be forthcoming.

On July 29, 1986, respondent Cimino filed a motion to cause appellants to execute an airport easement. Murland Searight fired his attorney on August 6, 1986. On August 12, the Searights' new attorney filed a motion to dismiss or in the alternative for a date certain and a request for sanctions pursuant to Rule 11, of the Montana Rules of Civil Procedure. A hearing was held August 13 on respondent's motion for easement. An easement agreeable to both parties was eventually prepared, signed, and recorded. On December 5, 1986, Searights again requested sanctions against Cimino for bringing the motion for easement. A hearing on this motion was held February 20, 1987. Both parties presented testimony. An order in favor of the respondent was entered on March 12, 1987, levying sanctions of $100 against the Searights on the Court's own motion. The Searights then made a motion to alter or amend the judgment and a motion for stay of execution which were denied. They appeal from the March 12 order and from denial of their subsequent motions.

Before addressing the merits of the case we will turn our attention to respondent's claim that appellants' motion to alter or amend and notice of appeal were untimely.

The Searights made a motion to alter and amend judgment pursuant to Rule 59(g), M.R.Civ.P. This rule gives a party 10 days after the service of the notice of the entry of the judgment to serve this motion. When notice is served by mail the period for taking an action increases by three days. Rule 6(e), M.R.Civ.P. The notice of the entry of the judgment was mailed on May 4. This gave appellants until May 18 to file the motion. (May 17 fell on a Sunday so the period was extended to Monday. Rule 6(a), M.R.Civ.P.) Appellants mailed their motion on May 15. Service by mail is completed upon mailing. Rule 5(b), M.R.Civ.P. Therefore appellants' motion was served well within the statutory period.

Appellants' motion was denied June 17, 1987. Appellant filed a notice of appeal July 14, 1987 again within the 30 day statutory period. Rule 5, M.R.App.P. Notice of appeal was timely filed.

We now address the merits and combine appellants' issues nos. 1 and 2 as follows:

Did the District Court deprive appellants of property in violation of the due process clause in the Montana and United States Constitutions or otherwise err when it ordered the appellants to prepare and convey an easement to the respondent?

Respondent argues that this issue is not properly before the court because it is a matter which was not raised or objected to at trial, and cannot be heard for the first time on appeal. Appellants argue that because it involves a fundamental constitutional right it may be heard.

This Court held in City of Missoula v. Mix (1950), 123 Mont. 365, 214 P.2d 212, that an easement is a property right protected by the constitutional guarantee against the taking of private property without just compensation. In cases of fundamental rights this Court will hear constitutional issues on appeal for the first time. Montana Power Co. v. Fondren (1987), 737 P.2d 1138, 1144-45, 44 St.Rep. 850, 858.

Appellants' main claim is that they were denied a hearing in a meaningful manner. Unfortunately for their claim, no record was made of the hearing on respondent's motion for an easement. There is evidence on the record, however, that shows the appellants made no objection whatsoever to the court's suggestion that an easement be drawn. Apparently, no order was made and the motion was continued with the intent that the matter be settled by counsel. This was done to the satisfaction of both parties. The appellant, Murland, testified at the sanctions hearing that he had been willing to grant Cimino an easement all along for some 7 or 8 years. It was appellants' attorney who drafted the easement. They can hardly claim that they have been unconstitutionally deprived of their property.

Appellants ask that we find the District Court erred in ordering Searight to convey an easement to Cimino. There is some confusion as to whether an order was actually issued or whether the parties were simply told to work it out amongst themselves. In any event, no record of the relevant hearing was made. This Court cannot base its review on thin air. For a question to be reviewable, the error complained of must be founded on or be borne out by the record, which should be in such form as to enable the reviewing court to determine what the error is. Francis v. Heidel (1937), 104 Mont. 580, 586, 68 P.2d 583, 585, quoting 4 C.J.S. Appeal and Error, § 1154 (1937). It is the duty of counsel to preserve the

record for appellate review. Scofield v. Estate of Wood (Mont. 1984), 683 P.2d 1300, 1302, 41 St.Rep. 1212, 1215. Because there is no record of their efforts, we will not disturb the actions of the parties in putting the easement on the record.

Appellants' next dispute the District Court's findings of fact and conclusions of law resulting from the hearing on sanctions. Appellant finds fault with all eleven of the court's findings of fact and argues that the court uncritically adopted the respondent's proposed findings of fact. This Court is not compelled when confronted with the verbatim adoption of proposed findings and conclusions to find such inherent fault therein that the prevailing party must be reversed. Sawyer-Adecor Intern., Inc. v. Anglin (1982), 198 Mont. 440, 447, 646 P.2d 1194, 1198. The standard for review of the findings and conclusions is the same. City of Billings v. Public Service Com'n. (Mont. 1981), 631 P.2d 1295, 1301, 38 St.Rep. 1162, 1165. The District Court's findings will not be rejected if they are supported by the evidence. 631 P.2d at 1301.

After close review of the record, this Court finds only two instances where the findings are not supported by substantial credible evidence. Finding of fact no. 11 contains the following statement:

> . . . and since this Court had previously found that an easement was warranted the Motion for Sanctions under Rule 11 should never have been brought.

Appellants argue that this ignores the fact that a motion for Rule 11 sanctions was contained in their August 12, 1986 motion to dismiss respondent's motion for an easement. The hearing on respondent's motion was held the next day on August 13. Apparently, the District Court focused only on

- 6 -

the appellants' second motion for sanctions which was filed on December 5, 1986. The District Court also misstated a fact in its conclusion of law no. 6. In it, the court finds that the correspondence between Murland Searight and his attorney refusing Cimino's easement was only produced at the request of Cimino's counsel. This is not correct. A copy of this letter had been sent to respondent's counsel at the time it was written and attached to respondent's motion for easement. We hold, however, that both misstatements constitute harmless error because neither are necessary to support the District Court's decision.

Appellant's fourth issue alleges the District Court committed error in failing to impose Rule 11 sanctions against the respondent. Rule 11 states in pertinent part:

> Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.. . .

Rule 11, M.R.Civ.P.

Appellants argue that respondent's motion to cause appellants to execute an easement was not grounded in fact or warranted by existing law. They argue that the motion was based on Rule 70, M.R.Civ.P. which calls for the enforcement

- 7 -

of a judgment and no such judgment had been made. They also argue that the easement proposed was needless and inflammatory and that the motion was calculated to frustrate appellants.

The current Rule 11, M.R.Civ.P. is virtually identical to the federal rule. Sanctions under this rule have been rarely imposed in Montana resulting in little case law. Federal authority indicates that the duty of the lawyer is to investigate both as to law and fact before filing a motion. The standard is that of reasonableness under the circumstances. Golden Eagle Distributing Corp. v. Burroughs Corp. (9th Cir. 1986), 801 F.2d 1531, 1536. Because the rule mandates sanctions if violated, the duty of an appellate court is to review de novo the legal question of whether the specific conduct in question violated the rule. Golden Eagle Distributing Corp., 801 F.2d at 1538; Zaldivar v. City of Los Angeles (9th Cir. 1986), 780 F.2d 823, 828; Eastway Const. Corp. v. City of New York (2d Cir. 1985), 762 F.2d 243, 254 n. 7.

Appellants are correct in their position that Rule 70, M.R.Civ.P. cannot be used as the basis for respondent's motion for an easement. Rule 70 is a civil contempt statute that provides:

> If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party.

This Court can find no judgment that directs appellants to convey an easement to respondent, and respondent does not argue that there is one. This does not, however, defeat respondent's motion. There is substantial evidence on the

record that the appellants agreed, at least superficially, to give respondent an easement. Cimino requested one several times over a period of 7 or 8 years and each time had been told he could have one. Yet when Cimino's attorney finally presented one, appellant responded to his own attorney in a letter which reads in pertinent part:

> In fact, the agreement does not contemplate the granting of any easement at all. If he is not content with the rights assured in the contract for deed, I am willing to execute a separate irrevocable license embodying the language of the Contract for Deed. I will not grant him additional privileges or rights beyond those already agreed.

This put Cimino's attorney in a difficult spot. Searights' attorney told Cimino's no easement would be forthcoming. Cimino's attorney could not contact Searight directly as he was still represented by counsel. It was reasonable to assume that the Searights were reversing their position as to the granting of an easement. He could either do nothing or attempt to secure his client's position by taking action through the court. He chose the latter. Although Cimino's attorney took action using an inappropriate rule, it was not unreasonable under the circumstances. We affirm the District Court.

The appellants lastly appeal the District Court's imposition of Rule 11 sanctions in the amount of $100. Using the same analysis discussed above, we hold that the court did not err. The purpose of Rule 11 is to reduce frivolous claims and motions. Appellants first raised the issue of sanctions in a motion to dismiss respondent's motion for easement. An easement agreeable to all was prepared by appellants' attorney and executed. Since appellant Murland testified he had been willing to grant an easement all along and this one was agreeable to him, that should have ended the

matter. Yet on December 5, 1986, the appellants again filed a request for Rule 11 sanctions citing respondent's motion for an easement as its basis. The District Court found that the appellants had made contradictory statements concerning their willingness to grant an easement. Throughout this litigation the appellants have acted in a contradictory and inconsistent manner with regard to the easement. Once an easement that was agreeable to Searights, one that the Searights claim they were willing to give all along, was executed there was no basis for further action. We affirm the District Court's imposition of Rule 11 sanctions on appellants.

Respondent has requested that we impose sanctions for a frivolous appeal under Rule 32, M.R.App.P. We decline. Where a reasonable ground for appeal exists no sanctions under Rule 32 will be imposed. Erdman v. C & C Sales, Inc. (1978), 176 Mont. 177, 184, 577 P.2d 55, 59. There was reasonable doubt as to the sufficiency of the findings of fact.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____
_____
_____
Justices

- 10 -