No. 89-049

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN MATTER OF THE ESTATE OF
LOUIS WARREN STINSON, a/k/a
LOUIS W. STINSON, Deceased.

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Chouteau,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William B. Sherman, Conrad, Montana

For Respondent:

Gale R. Gustafson, Conrad, Montana

Submitted on Briefs: Sept. 15, 1989

Decided: November 15, 1989

Filed:

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Appellants Larry Stinson, Verna Stinson Hudson, and Echo Joy Stinson Braff, initiated suit in the District Court of the Twelfth Judicial District, Choteau County, to contest the will of their late father, Louis Warren Stinson. Personal Representative and respondent, Grace C. Stinson, successfully moved to dismiss the action for failure to prosecute, and summary judgment was entered. Appellants moved to alter or amend the judgment pursuant to Rule 59(g), M.R.Civ.P., and the previous order of September 22, 1988, dismissing the action was nullified and revoked. Appellants now appeal the initial order of dismissal to protect their rights, in the event the District Court order of November 21, 1988 was made at a time when the Court lacked jurisdiction. We dismiss the appeal for lack of jurisdiction.

The central issue in this case is whether the District Court had jurisdiction to nullify and revoke its September 22, 1988 order dismissing the action for failure to prosecute.

Louis Warren Stinson died on April 15, 1984. Respondent Grace Stinson, his wife of 23 years, applied for and was appointed Personal Representative of the estate, pursuant to the deceased's Will of April 18, 1970. The Will devised all of his estate to Grace Stinson, except for $100 to each of Louis Stinson's children from a previous marriage (contestants/appellants).

Grace Stinson initiated informal probate proceedings on May 3, 1984. Contestants filed petitions for revocation of appointment of the Personal Representative and to deny probate on February 28, 1985.

- 2 -

Grace Stinson filed her petition for determination of testacy, determination of heirs, and for settlement and distribution of the estate on November 11, 1984. Hearing on the matter was set for March 26, 1985, but was continued indefinitely on that date. In that order, the court commanded counsel to "get together and work up a pre-pre-trial agreement as to deadlines, exchange of exhibits, agreed facts, trial dates available and other matters agreeable."

Correspondence between counsel included in the record indicates that contestants sought a settlement of $105,000, to be divided between them. Counsel for Grace Stinson indicated her refusal to such a settlement, and advised that a motion for summary judgment was forthcoming if contestants did not take some action in the matter.

Grace Stinson filed a motion for summary judgment on March 31, 1986. Contestants moved to vacate the hearing on the motion, and moved for a pretrial hearing.

The hearing on the motion for summary judgment was set and subsequently continued on three occasions. These extensions of time were granted to accommodate the production of telephone records of contestant Joy Stinson Braff. These records had been requested to substantiate claims of Joy Braff that she had, over the years, attempted to maintain contact with her father.

From the August 4, 1987 order enlarging time, until July 18, 1988, no motions were filed and no hearings on the matter were held. On July 18, 1988, Grace Stinson moved to dismiss the contest for failure to prosecute. Memoranda were submitted, and on September 22, 1988, the court granted Grace Stinson's motion to dismiss for lack of prosecution. Notice of entry of judgment of dismissal was filed on September 30, 1988.

Contestants filed their petition for reconsideration (hereinafter referred to as a Rule 59(g), M.R.Civ.P. motion to alter or amend a judgment) on October 17, 1988. Contestants stated in an accompanying memorandum that they had not been sleeping on their rights, that the motion for dismissal was filed on July 18, 1988, less than two years after the August 20, 1986 affidavit of Joy Stinson Braff.

The court concurred with the contestants and granted the motion to alter or amend the dismissal order of September 22, 1988, thereby nullifying and revoking that order.

Contestants now appeal the September 22, 1988 order of dismissal "to protect the rights of contestants in the event the District Court order of November 21, 1988 denying the motion for dismissal was made at a time when the Court did not have jurisdiction."

Rule 59(g), M.R.Civ.P., states in part:

Motion to alter or amend a judgment. A motion to alter or amend a judgment shall be served not later then 10 days after the service of the notice of entry of the judgment . . ..

This Court has steadfastly held the district courts to a strict interpretation of this rule and "no judge may disregard the requirement as set forth in Rule 59." Cain v. Harrington (1973), 161 Mont. 401, 506 P.2d 1375. Proper application of Rule 59(g) clearly prohibits the granting of requested relief when the motion is not timely served. McDonald v. McDonald (1979), 183 Mont. 312, 599 P.2d 356.

The District Court issued the order of dismissal on September 22, 1988. Notice of entry of judgment was served on September 30, 1988. Contestants did not file their Rule 59(g) motion to alter or amend judgment until October 17, 1988. Even adding an additional three days as provided by Rule 6(e), M.R.Civ.P., the motion should have been filed by

October 13, 1988. Because it was filed too late, the trial court did not have jurisdiction to hear or determine the motion to amend the judgment. Accordingly, the District Court's order of November 21, 1988 is a nullity and cannot stand. O'Connell v. Heisdorf (1982), 202 Mont. 89, 656 P.2d 199; Matter of Estate of Gordon (Mont. 1981), 628 P.2d 1117, 38 St.Rep. 887.

In addition, because the motion to amend the judgment was filed too late, the time for filing notice of appeal was not suspended. Notice of appeal was filed on November 29, 1988, two months after entry of judgment, well beyond the 30 day time limit provided in Rule 5, M.R.App.Civ.P. Absent a timely notice of appeal, this Court does not acquire jurisdiction to determine an appeal on the merits. Price v. Zunchich (1980), 188 Mont. 230, 612 P.2d 1296; O'Connell, supra. The order of September 22, 1988 dismissing for failure to prosecute therefore remains in effect and is no longer appealable.

Appeal dismissed.

_John C. Sheehy_
Justice

We Concur:

_William E. Hunt_

_John Conway Harrison_

_R.C. McDonough_

_Fred J. Weber_
Justices