# DeTIENNE ASSOCIATES LIMITED PARTNERSHIP and PARK PLAZA HOTEL INC., and FARMERS UNION MUTUAL INSURANCE COMPANY, Plaintiffs, Respondents, and Cross-Appellants, v. MONTANA RAIL LINK, INC., Defendant and Appellant and Cross-Respondent.

No. 93-349.
Dated October 4, 1993.
50 St.Rep. 1138.
261 Mont. 238.
862 P.2d 1106.

For Defendant and Appellant: **Edward A. Murphy**, Datsopoulos, MacDonald & Lind, P.C., Missoula.

For Plaintiffs and Respondents: **Robert F. James**, James, Gray & McCafferty, Great Falls; **Patrick E. Melby**, Luxan & Murfitt, Helena.

JUSTICE GRAY delivered the Opinion of the court.

## OPINION AND ORDER

This matter is before us on Respondents' Motion to Dismiss the appeal filed by Appellant Montana Rail Link, Inc. (MRL). The facts necessary for a determination of the motion are not disputed. The parties argue differing interpretations of our cases and of the appropriate interplay between Rules 6(e) and 6(a) of the Montana Rules of Civil Procedure.

Respondents (hereafter Park Plaza) prevailed in the underlying action and served a Notice of Entry of Judgment by mail on April 6, 1993. MRL filed its Motion for a New Trial and Motion to Amend the Findings of Fact, Conclusions of Law and Judgment (hereafter motion to amend) on April 20, 1993, 14 days after the date on which the Notice of Entry of Judgment was served by mail. The District Court denied MRL's motion within the applicable 45-day period and MRL filed its Notice of Appeal within 30 days thereafter.

Rules 6(e) and 6(a), M.R.Civ.P., provide as follows:

**Rule 6(e). Additional time after service by mail.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

**Rule 6(a). Computation.** In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday.

Park Plaza contends that MRL's Notice of Appeal is untimely because its motion to amend was untimely. It reasons that the 3 days allowed for service by mail under Rule 6(e) must be added to the

prescribed 10-day period allowed for serving a motion to amend pursuant to Rule 59(g), M.R.Civ.P., making a total period of 13 days. Thus, argues Park Plaza, MRL could not exclude intermediate Saturdays, Sundays and holidays pursuant to Rule 6(a) in computing the time for filing its motion to amend because the "prescribed period" in which MRL had to act exceeded the 11 days specified in Rule 6(a). Under Park Plaza's approach, MRL had until close of business on April 19, 1993, to file its Rule 59 motions; thus, the April 20 filing was untimely.

MRL argues that the 3 days allowed by Rule 6(e) when service is made by mail runs from the time of mailing the notice of entry of judgment. At the expiration of the 3 days, the 10-day prescribed period for Rule 59 motions begins to run. Thus, the "prescribed period" in which its motions were due is less than 11 days, and Rule 6(a) allows the exclusion of intermediate Saturdays, Sundays and holidays. Under this approach, MRL's motion to amend was timely.

We note that both parties cite cases which purport to support their position. Our review of those cases, and others, persuades us that clarification is appropriate and necessary on the interplay between Rules 6(e) and 6(a), M.R.Civ.P., in order that appeal rights are not ultimately lost through misinterpretation of the Rules and our cases.

Park Plaza relies on a literal reading of Rule 6(e), M.R.Civ.P., *O'Connell v. Heisdorf* (1982), 202 Mont. 89, 656 P.2d 199, and *Searight v. Cimino* (1988), 230 Mont. 96, 748 P.2d 948, in support of its position that MRL had a total of 13 days to file its motion to amend and, therefore, that MRL could not utilize the exclusion for intermediate Saturdays, Sundays and holidays permitted by Rule 6(a) when the prescribed period for action is less than 11 days. We note that *O'Connell* and *Searight* are inapposite here. No Rule 6(a) issue was raised in *O'Connell*, perhaps because the Rule at that time allowed application of the exclusion when the prescribed period was less than 7 days; thus, no question arose as to the applicability of the exclusion since the "prescribed period" at issue was 10 days. *Searight* is equally inapplicable here. In *Searight*, the only Rule 6(a) issue concerned the ability to add 1 additional day under the first portion of Rule 6(a) because the 10-day plus 3-day time periods expired on a Sunday. In addition, as in *O'Connell*, Rule 6(a) had not been amended when *Searight* was decided.

MRL's reliance on *State v. Helehan* (1977), 171 Mont. 473, 559 P.2d 817, and *Wilson v. Wilson* (1982), 198 Mont. 147, 645 P.2d 393, in support of its position also is misplaced. As discussed above with regard to *Searight*, the only Rule 6(a) application in *Helehan* did not

concern that portion of Rule 6(a) which allows exclusion of intermediate Saturdays, Sundays and holidays under certain circumstances. In *Wilson*, no issue regarding Rule 6(a) existed. Finally, we note that like *O'Connell* and *Searight*, the cases relied on by MRL were decided prior to the November 1, 1988, amendment to Rule 6(a). It is the interplay between the amended version of Rule 6(a), which allows exclusion of intermediate Saturdays, Sundays and holidays where the "prescribed period" is less than 11 days, and Rules 6(e) and 59(g) that is squarely before us now.

Later cases, not cited by either party, bear more directly on our decision here. In *Karell v. American Cancer Soc.* (1989), 239 Mont. 168, 779 P.2d 506, the prevailing party had 5 days after notice of the decision of the district court in which to file a memorandum of costs. The court mailed its decision to the parties. In computing whether the memorandum of costs was timely, we excluded the day on which the notice was mailed, pursuant to Rule 6(a), and began the 5-day period on the following day; because that prescribed period was less than 11 days, we excluded intermediate Saturdays, Sundays and holidays. We then added 3 days for service of the notice by mail pursuant to Rule 6(e). The memorandum of costs was timely filed under that computation of time.

In *In re Marriage of Schmitz* (1992), 255 Mont. 159, 841 P.2d 496, we addressed the precise issue raised by Park Plaza here, namely whether a notice of appeal was untimely because of an untimely Rule 59 post-trial motion. There, the respondent argued that adding 3 days for service by mail under Rule 6(e) to the 10 days provided for in Rule 59 resulted in a "prescribed period" of 13 days, thus precluding application of the Rule 6(a) exclusion for intermediate Saturdays, Sundays and holidays. We rejected the argument, concluding that the "prescribed period" referenced in Rule 6(a) was the 10-day period allowed for filing a motion under Rule 59, not the combined 13 days which resulted from adding 3 days for service by mail. *Schmitz*, 841 P.2d at 498-99. Perhaps unfortunately, we used "combined total" language in actually performing the computation of time although we clearly excluded the intermediate days pursuant to Rule 6(a) in accordance with our clear holding that the "prescribed period" was the Rule 59 10-day period.

We reach the same result here as we reached in *Schmitz* regarding the appropriate integration of Rules 6(a) and 6(e) of the Montana Rules of Civil Procedure, observing that this is the alternative preferred by Wright and Miller in addressing the issue with regard to

the identical Federal Rules of Civil Procedure. Indeed, we have thoroughly studied the three alternative resolutions of this question discussed by Wright & Miller, *Federal Practice and Procedure*: Civil 2d § 1171, and determine that the course we chose in *Schmitz* was correct, notwithstanding our somewhat confusing language regarding combined total of days. The first alternative, adding the 3 days to the original 10 days for a total of 13 days, is inconsistent with the intent of Rule 6(a) in allowing exclusion of intermediate Saturdays, Sundays and holidays when the "prescribed period" is less than 11 days. While it comports with a literal reading of Rule 6(e), it simultaneously undermines the purpose underlying that Rule, which is to avoid diminution in the number of working days available to a party to take action when a notice is served by mail. We reject this alternative.

The second available method of integrating Rules 6(a) and 6(e) is to compute two separate time spans of 10 days and 3 days, and exclude intermediate weekends and holidays from each. This approach applies the literal terms of Rule 6(a) to the computation of both periods in a consistent manner and solves the diminution of time problem caused under the first alternative discussed above. However, it also can lead to an unjustified lengthening of the time permitted for action by a party served with a notice by mail. We conclude that it is important to protect parties served by mail, but no justification exists for favoring them by adopting this alternative.

We adopt the third alternative presented by Wright and Miller. Where service of notice is made by mail, the 3 days allowed under Rule 6(e) are counted first in order to represent, as they are intended to do, transmission time in the mail. The 10 days within which action is to be taken under Rule 59 are then counted and, pursuant to Rule 6(a), intermediate Saturdays, Sundays and holidays are excluded because the "prescribed period" referenced in Rule 6(a) is the 10-day Rule 59 period which is less than 11 days.

We conclude that this methodology for computing time when a party is served notice by mail most closely achieves and integrates the purposes of Rules 6(e) and 6(a), M.R.Civ.P.

For the reasons stated herein, the Motion to Dismiss is DENIED.

CHIEF JUSTICE TURNAGE, JUSTICES HARRISON, HUNT, NELSON, TRIEWEILER and WEBER concur.