No. 98-257

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 229

JOHN SCOTT MORRIS,

Plaintiff and Appellant,

v.

BIG SKY THOROUGHBRED FARMS, INC., a Montana

corporation, SHERREN K. WAUER, individually,

MATT CHILDNESS and RAYMOND CLARK,

Defendants and Respondents.

No

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Judith Basin,

The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Craig W. Holt, Attorney at Law, Billings, Montana

For Respondents:

Randall G. Nelson, Elizabeth J. Honaker; Nelson Law Firm,

Billings, Montana

Mark F. Higgins; Ugrin, Alexander, Zadick & Higgins,

Great Falls, Montana

Submitted on Briefs: August 13, 1998

Decided: September 10, 1998

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶ **This is an appeal from the order of the Tenth Judicial District Court, Judith Basin County, awarding Big Sky Thoroughbred Farms, Inc., and Sherren K. Wauer (Farms and Wauer) $1,000 in discovery sanctions jointly and severally against John Scott Morris (Morris) and his attorney, Craig W. Holt (Holt), pursuant to Rule 37(c), M.R.Civ.P. We affirm, but base our holding on Rule 11, M.R.Civ.P.**

Factual and Procedural Background

¶ **Morris originally brought an action in the District Court for damages against all Defendants--Farms, Wauer, Matt Childness, and Raymond Clark--on five theories of recovery: (1) Count I - malicious prosecution; (2) Count 2 - defamation; (3) Count 3 -**

intentional infliction of emotional distress; (4) Count IV - negligent infliction of emotional distress; and (5) Count V - civil rights violations under 42 U.S.C. § 1983. Only Defendant Clark, a deputy police officer for the County of Judith Basin, was named as liable for § 1983 civil rights violations under Count V. However, Morris asked for "damages from Defendants" in the plural at the end of Count V. Similarly, the prayer for relief at the end of the complaint reiterated that Morris was seeking recovery on Count V of "damages caused by Defendants' violation of Plaintiff's civil rights."

¶ During pretrial discovery, Farms and Wauer submitted requests to Morris, asking him to "admit that 'Count V - Civil Rights Violation Under 42 U.S.C. § 1983' contained in your Complaint does not apply to Defendants Big Sky Thoroughbred Farms, Inc., and/or Sherren K. Wauer, individually" because neither Farms nor Wauer had acted under color of state law. Morris flatly "[d]enied" this request for admission and failed to offer any basis of explanation or qualification of the denial. Counsel Holt signed the discovery responses after Morris had checked the answers against the facts. Thereafter, but prior to instituting a motion for judgment on the pleadings, counsel for Farms and Wauer sent a safe harbors letter to Holt again requesting Morris to admit that Count V did not apply to Farms and Wauer. In this letter, they advised Morris that attorney fees and costs would be sought if a future motion became necessary to correct the deficiencies in his complaint.

¶ Nearly two months passed without response from Morris or Holt before Farms and Wauer filed a motion and brief for judgment on the pleadings under Rule 12(c), M.R. Civ.P., and an accompanying request for attorney fees and costs in bringing the motion pursuant to Rule 37(c), M.R.Civ.P. Farms and Wauer argued that Count V of Morris' complaint was deficient as to them in that it lacked any allegation that they had engaged in state action. After a hearing on November 10, 1997, the District Court granted the motion, dismissing Count V of the complaint with respect to Farms and Wauer. Based on billing records entered into evidence by counsel for Farms and Wauer showing costs of $2,230 in bringing the motion, the District Court also ruled that Farms and Wauer be awarded $1,000 in attorney fees and costs, "with Plaintiff John Scott Morris and counsel Craig W. Holt to be jointly and severally liable for the sanctions imposed . . . . " Holt appeals the imposition of joint and several sanctions.

¶ We consider three issues on appeal:

¶ **(1.) Did the District Court abuse its discretion in holding Morris and his counsel Holt jointly and severally liable for attorney fees and costs?**

¶ **(2.) Was the District Court's award of $1,000 in sanctions unreasonable because it was not supported by specific evidence in the record?**

¶ **(3.) Should Farms and Wauer be granted attorney fees and costs on appeal?**

Discussion

¶ **(1.) Did the District Court abuse its discretion in holding Morris and his counsel Holt jointly and severally liable for attorney fees and costs?**

¶ **Holt claims that the District Court abused its discretion in assessing discovery sanctions jointly and severally against a party and its attorney pursuant to Rule 37 (c), M.R.Civ.P. In response, Farms and Wauer argue that the District Court acted within its inherent discretionary authority when it imposed attorney fees and costs jointly and severally. We agree with Holt that Rule 37(c) does not, according to its language, permit a district court to impose joint and several sanctions on a party and its attorney. However, we conclude that the District Court nevertheless reached the right result in this case, and we therefore affirm the imposition of $1,000 in sanctions against Morris and his attorney Holt under the broader standard of Rule 11, M.R. Civ.P.**

¶ **Rule 37(c) by its own terms only allows a district court to impose sanctions against a party. The relevant portion of Rule 37(c) states:**

> If a party fails to admit . . . the truth of any matter as requested under Rule 36, and if the party requesting the admission thereafter proves . . . the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney fees.

Rule 37(c), M.R.Civ.P. (emphasis added). Contrary to the suggestion of Farms and Wauer that trial courts retain broad inherent powers to award sanctions notwithstanding the

express language of Rule 37(c), in Burlington Northern v. District Court (1989), 239 Mont. 207, 219, 779 P.2d 885, 893, we rejected the theory that a district court has inherent power to award discovery sanctions as promoting inconsistent and uncertain enforcement. Instead, we concluded that "Rule 37 should be the source of authority in assessing sanctions for discovery abuse" because trial courts still retain "[b]road discretion . . . within the statutory language of this rule without reference to an inherent power theory." Burlington Northern, 239 Mont. at 220, 779 P.2d at 893.

¶ **As Holt points out, other subsections of Rule 37 permit a district court to impose discovery sanctions against either a party or its attorney, or if the court chooses, against both party and attorney jointly and severally.** *See*, *e.g.*, **Rules 37(a)(4), 37(b)(2)(E), 37(d), M.R.Civ.P. However, as previously noted, the language of Rule 37 must be strictly adhered to as defining the parameters of a district court's authority to assess discovery sanctions. Accordingly, we hold that the District Court erred by imposing reasonable attorney fees and costs on a party's attorney pursuant to Rule 37(c), M.R.Civ.P., which by its plain language only allows a court to order that a party pay sanctions.**

¶ **This is not to suggest that Holt be excused on appeal from the discovery sanctions. Since 1981, this Court has endorsed a strict policy that dilatory discovery actions shall not be dealt with leniently. Owen v. F.A. Buttrey Co. (1981), 192 Mont. 274, 278, 627 P.2d 1233, 1235. The trial courts, and this Court on review, must remain "intent upon punishing transgressors rather than patiently trying to encourage their cooperation."** Owen, **192 Mont. at 278, 627 P.2d at 1235.**

¶ **The District Court could--and indeed should--have imposed joint and several sanctions against Morris and Holt pursuant to Rule 11, M.R.Civ.P. Thus, we analyze this case under Rule 11. Where a Rule 11 violation is based upon the legal sufficiency of a plea or motion, we review** *de novo* **the legal issue of whether the specific conduct in question violated the rule. D'Agostino v. Swanson (1989), 240 Mont. 435, 446, 784 P.2d 919, 926; Fjelstad v. State, Through Dept. of Highways (1994), 267 Mont. 211, 226, 883 P.2d 106, 115 ("review** *de novo* **is appropriate only if the violation is based upon the legal sufficiency of a plea or motion"). The standard of Rule 11 requires that:**

> Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record . . . . The signature of an

attorney . . . constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose . . . .

Rule 11, M.R.Civ.P. While Rule 37 may be unavailable as a source of authority for sanctioning the conduct of Holt, Rule 11 provides a basis for disciplining the actions complained of here. Where a pleading, motion, or other paper is signed in violation of Rule 11, "the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction," including "reasonable expenses incurred . . . [and] reasonable attorney's fees." Rule 11, M.R.Civ.P. (emphasis added).

¶ **Rule 11 is thus broader in scope than Rule 37(c). A trial court may, "upon its own initiative," impose joint and several Rule 11 sanctions for any discovery abuse involving pleadings, motions, or other papers signed by an attorney of record. Rule 11, M.R.Civ.P. In this case, the District Court could have imposed joint and several sanctions pursuant to Rule 11, M.R.Civ.P. The complaint and discovery response signed and filed by attorney Holt both qualify as a "pleading, motion, or other paper" under Rule 11. Rule 11, M.R.Civ.P. By his signature, Holt certified that he had investigated the law and facts upon which he based Morris' claim under Count V and the denial that Count V was not applicable to Farms and Wauer.**

¶ **"When litigants use willful delay, evasive response, and disregard of court direction as part and parcel of their trial strategy, they must suffer the consequences." Owen, 192 Mont. at 280, 627 P.2d at 1236. We agree with the District Court that, "[e]ven giving [Morris and Holt] the benefit of the doubt, to simply deny the request in total without any explanatory note is not complying with the rules of discovery." Whether the deficiency in Count V was due to careless drafting or crafty lawyering, we conclude that the record contains ample evidence that Holt was put on notice of the request to admit that Count V did not apply to Farms and Wauer and of the potential for discovery sanctions for a failure to admit or explain the denial.**

¶ **First, Holt apparently lacked a reasonable basis in law and fact to make the term "Defendants" plural in Count V and in the prayer for relief. Second, the answer of**

Farms and Wauer to Morris' complaint contained an affirmative defense to Count V that should have put Holt on further notice of the nonapplicability of Count V to Farms and Wauer. Third, Holt was under an affirmative duty to conduct a "reasonable inquiry" into whether or not the request for admission was true, or whether the denial should have been qualified. *See* Rule 36(a), M.R.Civ.P. Fourth, Holt admitted that Count V did not apply to Farms and Wauer in both his motion objecting to the Rule 12(c) motion by Farms and Wauer and in the District Court hearing on the motions for judgment on the pleadings and attorney fees and costs. Finally, Holt was given an opportunity by the safe harbors letter from Farms and Wauer to correct the deficiency in his denial prior to the motions for judgment on the pleadings and discovery sanctions--the very motions for which he must now bear the costs.

¶ In this case, the District Court reached the right result, but for the wrong reason. Knutson v. State (1984), 211 Mont. 126, 129, 683 P.2d 488, 490 (citing Fergus County v. Osweiler (1938), 107 Mont. 466, 86 P.2d 410) (incorrect reasoning supporting a correct district court judgment "can be sustained under the wrong-reason, right-result appellate rule"). Although Rule 37(c), M.R.Civ.P., was unavailable to the court as a means of imposing joint and several sanctions, we hold that the District Court's actions were well within its authority under Rule 11, M.R.Civ.P. Thus, we affirm the imposition of joint and several sanctions.

¶ (2.) Was the District Court's award of $1,000 in sanctions unreasonable because it was not supported by specific evidence in the record?

¶ Holt argues that the amount assessed as sanctions is not supported by reliable evidence in the record. We review a district court's findings and conclusions on sanctions to see if they are supported in the record by substantial credible evidence. Searight v. Cimino (1988), 230 Mont. 96, 101, 748 P.2d 948, 951 (citing City of Billings v. Public Service Comm'n (1981), 193 Mont. 358, 366, 631 P.2d 1295, 1301). The District Court conducted a single hearing on both the Rule 12(c) motion for judgment on the pleadings and the motion for Rule 37(c) sanctions. Most of this hearing was devoted to the appropriateness of ordering sanctions against Morris and Holt. Billing statements were admitted into the record showing that counsel for Farms and Wauer had incurred attorney fees and expenses of $2,230, exclusive of the costs of preparing for and attending the hearing. Furthermore, counsel for Morris was given the opportunity to contest the billing statements in a supplemental brief.

**Therefore, we conclude that the District Court's award of $1,000 was well within its discretion and supported by sufficient evidence in the record.**

**¶ (3.) Should Farms and Wauer be granted attorney fees and costs on appeal?**

**¶ Rule 32, M.R.App.P., provides that this Court may assess damages for an appeal in a civil case if "taken without substantial or reasonable grounds." Rule 32, M.R.App. P. Farms and Wauer request that we grant them damages for this appeal by Holt because it was taken without substantial or reasonable grounds. We decline to accept this argument. Sanctions will not be imposed under Rule 32 where a reasonable ground for appeal exists. <u>Searight</u>, 230 Mont. at 103-04, 748 P.2d at 952 (citing Erdman v. C & C Sales, Inc. (1978), 176 Mont. 177, 184, 577 P.2d 55, 59). This appeal was not taken solely for delay or harassment. The issue of whether Rule 37(c) sanctions could be imposed jointly and severally against both party and attorney was a meritorious question worthy of appeal. We conclude that Farms and Wauer are not entitled to damages under Rule 32, M.R.App.P.**

**¶ In sum, we hold that the District Court erred in imposing discovery sanctions against an attorney under Rule 37(c), M.R.Civ.P. However, in light of the court's broad authority under Rule 11, M.R.Civ.P., the error was harmless as the District Court reached the right result in this case. Given the evidence in the record, the court's award of $1,000 in discovery sanctions was not an abuse of discretion. We thus affirm the sanctions against Morris and Holt under the broader standard of Rule 11, M.R.Civ.P. Lastly, we decline to award damages to Farms and Wauer under Rule 32, M.R.App.P.**

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

Justice James C. Nelson specially concurs.

¶24 I concur in our opinion. I believe, however, that Rule 37(c), M.R.Civ.P. should be amended to conform to subsections of Rule 37(a), (b), (d) and (g) in allowing the trial court to impose discovery sanctions against the party, the attorney or both. While Montana's Rule 37(c) conforms to its federal counterpart, there is no legitimate reason that I can determine why Rule 37(c) only allows sanctions to be imposed against the party and not the attorney. Indeed, this is all the more anomalous in cases where, as here, the request for admission calls for the application of legal principles of which, without the attorney's advice, the party would have no independent knowledge. Holding the party's attorney liable for sanctions in such instances would comport with the spirit of the Rules of Civil Procedure and would penalize the person actually responsible for the abuse of the rules and the discovery process.

/S/ JAMES C. NELSON