No. 99-614

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 198

300 Mont. 450

5 P.3d 1026

SUZAN KINSEY-CARTWRIGHT,

Plaintiff and Appellant,

v.

FLOYD A. BROWER,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Musselshell,

The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Matthew J. Sisler, Attorney at Law, Missoula, Montana

For Respondent:

David M. Wagner, Crowley, Haughey, Hanson, Toole, & Dietrich, P.L.L.P.,

Billings, Montana

Submitted on Briefs: February 17, 2000

Decided: July 20, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

1. ¶The Plaintiff, Suzan Kinsey-Cartwright, filed a complaint in the District Court for the Fourteenth Judicial District in Musselshell County, in which she alleged that the Defendant, Floyd A. Brower, trespassed on her property and assaulted her. The District Court awarded Brower summary judgment. Kinsey-Cartwright appeals the judgment of the District Court. We affirm the District Court.

1. ¶The issues on appeal are:

1. Did the District Court err when it awarded Brower summary judgment?

2. Did the District Court abuse its discretion when it sanctioned Kinsey-Cartwright pursuant to Rule 11, M.R.Civ.P.?

1. ¶3. Should sanctions be imposed against Kinsey-Cartwright for filing a frivolous appeal pursuant to Rule 32, M.R.App.P.?

## FACTUAL BACKGROUND

1. ¶Suzan Kinsey-Cartwright and Douglas M. Burleson had a dispute over an easement across Kinsey-Cartwright's property. Burleson hired attorney Floyd A. Brower to represent him, and filed a claim for injunctive relief. Burleson alleged that he had an easement over Kinsey-Cartwright's property and asked the District Court to enjoin her from obstructing the alleged easement. Kinsey-Cartwright hired attorney Matthew J. Sisler to represent her.

1. ¶On May 15, 1998, Burleson and Brower investigated the disputed easement. During his deposition, Brower testified that he and Burleson drove up the alleged easement until they reached a gate, which was crossing the road near Kinsey-Cartwright's home. Brower testified the following then occurred:

A. She came out of the house and asked me what I was doing.

Q. Who?

A. Suzan Kinsey and I replied, I'm here because these gates are not to be locked, one; they're not even to be here, two; and I wanted them removed now.

Q. You realized that this was her home, right?

A. I wasn't even off the easement. I was standing on the easement when I said that.

Q. On her place?

A. I'm standing on the easement. I'm entitled to be there. I was standing on the easement. She had two dogs that were barking and yelping, so then voices were raised. She then advised me that-although the locks appeared to be locked, they weren't. Then she asked me if I wanted to talk to her attorney and I said, yes; I' ll talk to an attorney.

She then went back in the house. She went back in the house and one of the dogs went in the house. She had chained one up at the corner of the house. I went back, started taking more pictures. And when she came out of the house with this cordless telephone in her hand, holding it out, she unchained-either one dog came out of the house with her or she unchains one, but there was one dog there and he was between us. He was on the easement. And she said, do you want to talk to my attorney? And I said, sure. Every time I would advance to talk to her, this dog would try to attack me from the right. And so I would go back, she would come up and she would hand this telephone, and this happened about three times. This dog was really making passes at me.

Finally, I said, if the son-of-a-bitch bites me, I'm going to have him destroyed and I'm going to sue you, and she had a sparkle in her eye and a big smug look on her face and she said nothing. She went for the phone like this again. I moved toward it and he really tried to take me. And I said, again, if that son-of-a-bitch bites me, I'm going to have him destroyed and I'm going to sue you. This got her attention.

She got a hold of the dog. He was lunging. She still had the phone in this hand and he was lunging, he was lunging and he was lunging. So I went kind of this way and she handed the phone to me. I backed away.

The words on the other line were, Floyd, you're trespassing and I replied, you don't know what you're talking about. I was president of this company. [] Rodegheiro and I drafted these easements, get off my back. You don't know what you're talking about. Goodbye.

I then moved to hand the phone back to her and she said, you better look out, he's liable to bite you. You better lay this on the ground. So I did, laid it on the ground and I retreated to the pickup and this dog was lunging. She was trying to hold him as she backed toward her house. There was no time when she was in the yard that there wasn't a dog in between us at her side. And the only time that I was within arm's length was when I touched that telephone.

1. ¶Kinsey-Cartwright described the event in her affidavit as follows:

On May 15, 1998, Floyd Brower and Douglas Burleson entered upon Mrs. Kinsey-Cartwright's property despite her requests and demands for them to leave.

On May 15, 1998, Floyd Brower exited his pickup truck and assaulted Suzan Kinsey-Cartwright by flailing his arms and fists in the air, by shouting profane words and by approaching her in an intimidating fashion, creating the reasonable apprehension of bodily injury.

On May 15, 1998, Floyd Brower stepped well beyond the alleged 60 foot summer access easement and into Mrs. Kinsey-Cartwright's yard when Floyd Brower assaulted and intimidated her.

Kinsey-Cartwright also testified during her deposition that she was frightened, and that Brower said he was going to slap her. When asked if Brower used the word smack, Kinsey-Cartwright testified: "Yes, you did. It was smack or slap. You were yelling so loudly there were times I didn't understand what you were saying." She also testified that she could have misunderstood Brower's words.

1. ¶During his deposition, Burleson testified that Kinsey-Cartwright's dogs were barking loudly; that Kinsey-Cartwright and Brower were both speaking loudly; and, that other than calling the dog a "son-of-a-bitch," and maybe using the phrase "damn gates," Burleson did not recall Brower speaking profanely. Burleson also testified that, although Brower may have pointed his finger toward Kinsey-Cartwright, he was not shaking his fist; that during the exchange between Brower and Kinsey-Cartwright, the closest the two were to one another was 10 or 15 feet; and that Brower was never more than 15 feet from the vehicle.

1. ¶Following the confrontation, on the same day, May 15, 1998, Kinsey-Cartwright drafted a complaint against Brower in which she alleged that Brower assaulted her and trespassed on her land. Subsequently, both parties moved the District Court for summary judgment. On September 2, 1999, the District Court granted Brower summary judgment. It also sanctioned Kinsey-Cartwright pursuant to Rule 11, M.R. Civ.P. The District Court found:

Sisler, apparently upset over the way he was treated by Brower, immediately drafted a Complaint on behalf of Kinsey-Cartwright alleging she was civilly assaulted by Brower (because he yelled obscenities at her) on that day and that Brower had unlawfully entered her property. Without further investigation, the Complaint went in the mail and was filed the following Monday in the Musselshell County Clerk of Court's office.

Kinsey-Cartwright then appealed the District Court's decision to this Court.

1. ¶On February 17, 2000, after the parties filed their briefs with the clerk of this Court, Brower moved this Court to strike portions of Kinsey-Cartwright's reply brief. Brower asserted that Kinsey-Cartwright improperly raised factual and legal arguments regarding assault and trespass in her reply brief which were not raised in

her opening brief. On March 7, 2000, Kinsey-Cartwright moved this Court to "join this appeal" with her appeal from the judgment entered in Cause No. DV 98-42. She asserted that the easement issue resolved in that case is inextricably interrelated with the assault and trespass claims on appeal in this case. On March 28, 2000, we issued a consolidated order in which we granted Brower's motion to strike those portions of Kinsey-Cartwright's reply brief addressing assault and trespass and denied Kinsey-Cartwright's motion to consolidate.

## ISSUE 1

1. ¶Did the District Court err when it awarded Brower summary judgment?

1. ¶We review summary judgment orders de novo. *See Motarie v. Northern Montana Joint Refuse Disposal Dist.* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. We determine whether the district court correctly applied Rule 56, M.R.Civ.P., which provides that summary judgment is only appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See Gilkey v. Schweitzer*, 1999 MT 18, ¶ 9, 295 Mont. 345, ¶ 9, 983 P.2d 869, ¶ 9.

1. ¶With the exception of four sentences, Kinsey-Cartwright's entire argument in her brief is devoted to arguing that no easement burdened her land. This case, however, is an appeal from the District Court's award of summary judgment with respect to Kinsey-Cartwright's complaint of trespass to land and assault. It is not an appeal from the District Court's judgment in *Burleson v. Kinsey-Cartwright*, et al, DV-98-42 regarding the validity of the easement over Kinsey-Cartwright's property. Therefore, those arguments regarding the validity of the easement are irrelevant to this appeal.

1. ¶The four sentences in Kinsey-Cartwright's opening brief relating to trespass to land and assault were:

The lower court determined that Mrs. Kinsey Cartwright's claims of assault and trespass were not supported by fact or law. The court was wrong on both issues. The facts contained in Mrs. Kinsey Cartwright's testimony supported the claims. The law, applied to Mrs. Kinsey Cartwright's facts, supported the claims.

1. ¶This is not a legal argument. It contains no discussion of the law relating to trespass to land or assault; it contains no citation to legal authority; it contains no citation to the record; and it contains no application of the law to the facts. It is simply a collection of conclusions. In *State v. Blackcrow*, 1999 MT 44, ¶ 33, 293 Mont. 374, ¶ 33, 975 P.2d 1253, ¶ 33, we held:

It is not this Court's obligation to formulate arguments or locate authorities for the parties in support of their positions on appeal. *See Johansen v. State, Dept. of Natural Resources*, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24; *Small v. Good* (1997), 284 Mont. 159, 163, 943 P.2d 1258, 1260; *State v. Sol* (1997), 282 Mont. 69, 76, 936 P.2d 307, 311; *Rieman v. Anderson* (1997), 282 Mont. 139, 147, 935 P.2d 1122, 1127.

Accordingly, we conclude that there is no meritorious argument to consider on appeal from the award of summary judgment in this case. Therefore, we hold that the District Court did not err when it awarded Brower summary judgment.

## ISSUE 2

1. ¶Did the District Court abuse its discretion when it sanctioned Kinsey-Cartwright pursuant to Rule 11, M.R.Civ.P.?

1. ¶We review the imposition of discovery sanctions to determine whether the district court abused its discretion. *Sullivan v. Sisters of Charity of Providence of Montana* (1994), 268 Mont. 71, 77, 885 P.2d 488, 492. We give deference to the trial court because it is in the best position to know whether the party in question has disregarded the other's rights, and is in the best position to determine which sanction is most appropriate. *Sullivan*, 268 Mont. at 77, 885 P.2d at 492.

1. ¶The purpose of the Montana Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action." Rule 1, M.R.Civ.P. When litigants and their attorneys abuse the rules they are subject to sanctions. *See Sullivan*, 268 Mont. at 77, 885 P.2d at 492. The district courts should punish those who engage in dilatory discovery actions rather than patiently encourage their cooperation. *See Morris v. Big Sky Thoroughbred Farms, Inc.*, 1998 MT 229, ¶ 13, 291 Mont. 32, ¶ 13, 965 P.2d 890, ¶ 13 (citing Owen v. F. A. Buttery Co. (1981), 192 Mont. 274, 278, 627 P.2d 1233,1235.) Rule 11, M.R.Civ.P., provides:

Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney . . . .

. . . .

The signature . . . constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law . . . , and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

. . . .

If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction . . . .

However, before the district court can impose sanctions pursuant to Rule 11, M.R.Civ.P., it must conduct a hearing. *See State ex rel. Lovins v. Toole County* (1996), 278 Mont. 253, 263, 924 P.2d 693, 698 (citing Lindey's, Inc. v. Goodover (1994), 264 Mont. 489, 497, 872 P.2d 767, 772).

1. ¶The District Court found that Kinsey-Cartwright's attorney filed her complaint without conducting an investigation into the facts. Kinsey-Cartwright does not dispute the District Court's findings, rather she contends that the because the District Court failed to conduct a hearing before it imposed Rule 11 sanctions, the Court's sanctions were improper. Brower responds that Kinsey-Cartwright did not request a hearing.

1. ¶We will not review a district court's procedural error unless the appellant has made

a timely objection. *Green v. Green* (1978), 176 Mont. 532, 536, 579 P.2d 1235, 1237. In *Green* we said, "[i]t has long been the rule of this Court that on appeal we will not put a District Court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which appellant made no objection." *Green*, 176 Mont. at 536, 579 P.2d at 1237. We will not hold a district court in error for an omission which it was not given an opportunity to correct. *See State ex rel. Lovins*, 278 Mont. at 257, 924 P.2d at 695.

1. ¶Kinsey-Cartwright was clearly entitled to a hearing regarding the District Court's imposition of Rule 11 sanctions. However, Kinsey-Cartwright cites no objection to the District Court's failure to conduct a hearing, and our review of the record reveals none. Since Kinsey-Cartwright failed to object, we will not hold the District Court in error for failing to conduct a Rule 11 hearing. Accordingly, we affirm the District Court's imposition of sanctions pursuant to Rule 11, M.R.Civ.P.

ISSUE 3

1. ¶Should sanctions be imposed against Kinsey-Cartwright for filing a frivolous appeal pursuant to Rule 32, M.R.App.P.?

1. ¶Brower requests the imposition of sanctions against Kinsey-Cartwright for filing a frivolous appeal pursuant to Rule 32, M.R.App.P., which provides the following:

If the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed on determination thereof as under the circumstances are deemed proper.

1. ¶Kinsey-Cartwright's brief contained only four sentences discussing trespass to land and assault. In those four sentences, Kinsey-Cartwright did not discuss the facts or the law. The remainder of her argument was dedicated to an easement issue, which was not included in this appeal.

1. ¶This Court is burdened by a heavy volume of business and the problem is needlessly aggravated when frivolous appeals are taken. *See CNA Ins. Cos. v. Dunn* (1995), 273 Mont. 295, 302, 902 P.2d 1014, 1018. We conclude that this appeal was

taken without substantial or reasonable grounds. We further conclude that this is a proper case in which to impose sanctions for a frivolous appeal pursuant to Rule 32, M.R.App.P., and we, therefore, remand to the District Court for a determination of Brower's reasonable costs and attorney fees incurred on appeal.

1. ¶The judgment of the District Court is affirmed and this case is remanded for further proceedings consistent with this opinion.

/S/ TERRY N. TRIEWEILER


We Concur:


/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON