# FILED

March 18 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0176

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 92N

PONDEROSA PINES RANCH PROPERTY
OWNERS ASSOCIATION,

       Plaintiff and Appellee,

  v.

RONALD DEAN CLAPPER,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-2000-131
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Ronald Dean Clapper (Pro Se), Three Forks, Montana

       For Appellee:

           Mark A. Bryan, P.C., Alanah Noel Griffith, Bozeman, Montana

Submitted on Briefs:  December 6, 2007

Decided:  March 18, 2008

Filed:

_____
                  Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Eighteenth Judicial District Court, Gallatin County, entered an order that denied Appellant Ronald Dean Clapper's (Clapper) motion to set aside judgment and ordered Clapper to abate the violations of the Ponderosa Pines Ranch Property Owners Association (PPRPOA) subdivision covenants within 60 days. We affirm.

¶3 Findings of fact and conclusions of law were filed on October 24, 2003, in this cause. The District Court conducted a hearing and determined the share of attorney fees and costs attributable to each of the defendants and entered an order allocating $8,512.42 of fees and costs to Clapper. A final judgment was entered February 24, 2004, from which only defendant Fred D. Rohde appealed. We affirmed in part and reversed in part in *Lewis v. Ponderosa Pines Property Owners Association*, 2005 MT 325N, 330 Mont. 401, 126 P.3d 507.

¶4 When Clapper made no effort to pay the attorney's fees and costs, the PPRPOA attempted execution and collection proceedings. The PPRPOA scheduled a court-administered debtor's hearing to determine whether Clapper owns any personal property of value, and to verify the ownership of offending personal property remaining on

2

Clapper's premises. In the debtor's exam, Clapper insisted he had recently cleaned up the site and acknowledged he had discontinued his salvage business. Clapper also advised the court for the first time that he did not comply with the covenants because he did not believe they are valid based on evidence that he recently discovered. Clapper explained he has a United States land patent on his parcel of real property which is a superior title that precludes the PPRPOA's covenants.

¶5 After the hearing, the PPRPOA filed a statement that documented covenant violations and included photographs of Clapper's premises. Clapper filed a motion to set aside judgment and a response to the PPRPOA's statement of violations in which he contends the PPRPOA failed to acknowledge in its pleadings that his property is protected by a United States land patent and that PPRPOA perpetrated a fraud upon him by concealing the fact he had a federal land patent.

¶6 The District Court concluded Clapper's motion for relief from judgment was untimely under M. R. Civ. P. 59 and 60, and that it was Clapper's responsibility to plead the existence and significance of the federal land patent as an affirmative defense under M. R. Civ. P. 8(c). The court also determined Clapper failed to meet the standard required by M. R. Civ. P. 59 and 60 for a new trial, or to alter or amend judgment and denied Clapper's motion. The court concluded the land patent had no force or effect on the authority of Ponderosa Pines to place restrictive covenants on the subdivision which are specifically provided for under §§70-17-201 -206, MCA.

¶7 The court also acknowledged the October 24, 2003 order determined that the Ponderosa Property Owners Association was a valid homeowner's association and the

3

defendants, including Clapper, took their parcels subject to the covenants. The court concluded it was, therefore, barred by res judicata from reconsidering the issue. The court ordered Clapper to clean up his premises to comply with the covenants within 60 days, and in the event Clapper failed to satisfactorily clean up the premises, and the court offered to provide a writ of assistance to the PPRPOA to enter Clapper's premises and remove the offending items. Clapper appeals from this order.

¶8 Clapper raised eight issues on appeal; however we have determined that none of them have merit. For purposes of discussion, we combine the first six issues because the doctrines of law of the case and res judicata preclude those claims.

¶9 The District Court correctly determined Clapper's land patent constitutes an affirmative defense required by M. R. Civ. P. 8(c) to be specifically raised in the pleadings. *Estabrook v. Baden,* 284 Mont. 419, 422, 943 P.2d 1334, 1336-37 (1997). Further, the existence of a federal land patent does not constitute new evidence, and the burden was on Clapper to plead the defense in a timely manner. The defense is therefore waived.

¶10 The determination that Clapper's parcel lies within the Ponderosa Pines subdivision was previously determined and subject to appeal when the notice of entry of judgment was served in March of 2004. Clapper's rights were adjudicated and he did not appeal. These claims are barred by the doctrines of res judicata and law of the case. *State v. Ditton,* 2006 MT 235, ¶ 38, 333 Mont. 483, ¶ 38, 144 P.3d 783, ¶ 38; *McCormick v. Brevig,* 2007 MT 195, ¶ 38, 338 Mont. 370, ¶ 38, 169 P.3d 352, ¶ 38. Thus, the District Court did not err.

4

¶11 A motion under M. R. Civ. P. 59(b) (motion for a new trial) or 60 (to alter or amend judgment) must be filed within ten days of service of notice of entry of judgment. Clapper failed to file a timely motion for relief by March 12, 2004—ten days after the entry of judgment was served in this case. Clapper is precluded from further review by the doctrine of res judicata. *Glickman v. Whitefish Credit Union* Association, 1998 MT 8, ¶ 20, 287 Mont. 161, ¶ 20, 951 P.2d 1388, ¶ 20.

¶12 Clapper indicates that Judge Brown erroneously reviewed the October 24, 2003, findings of fact, conclusions of law and order when Clapper referred to an order by Judge Olson in his debtor's examination. Clapper is correct that the District Court consulted the wrong order; however, the previous determinations in this case established the law of the case, and Clapper is barred from relitigating the matter. *See McCormick,* ¶ 38.

¶13 Clapper contends that purchasing the property did not constitute his consent to membership in the PPRPOA, and the District Court erred in its when it failed to determine the Montana Non-Profit Corporation Act precludes his involuntary membership in PPRPOA. This issue is raised for the first time on appeal. We consistently refuse to address issues raised for the first time on appeal on the rationale that it is inappropriate to fault the district court for failing to rule on an issue it was never given the opportunity to consider. *Bekkdahl v. McKittrick,* 2002 MT 250, ¶¶ 31-32, 312 Mont. 156 ¶¶ 31-32, 58 P.3d 175, ¶¶ 31-32; *Day v. Payne,* 280 Mont. 273, 276, 929 P.2d 864, 866 (1996). We decline to address this issue for the first time on appeal.

¶14 PPRPOA requests Clapper be sanctioned by requiring him to pay PPRPOA's attorney's fees and costs. While Clapper's arguments are unconvincing, there is no

evidence he pursued this appeal in bad faith, or solely for the purposes of delay or harassment. Therefore, we deny PPRPOA's request for sanctions. *See Morris v. Big Sky Thoroughbred Farms,* 1998 MT 229, ¶ 22, 291 Mont. 32, ¶ 22, 965 P.2d 890, ¶ 22; *Sorenson v. Massey-Ferguson,* Inc., 279 Mont. 527, 531, 927 P.2d 1030, 1032-33, (1996).

¶15 We review a district court's findings of fact to determine if they are clearly erroneous. The standard we apply in reviewing the conclusions of law is whether the conclusions of law are correct. *Brumit v. Lewis,* 2002 MT 346, ¶ 12, 313 Mont. 332, ¶ 12, 61 P.3d 138, ¶ 12.

¶16 We have determined to decide this case pursuant to Section I, Paragraphs 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record this appeal is without merit. These issues are controlled by settled Montana law that the District Court correctly interpreted.

¶17 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE