FILED

March 8 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0336

DA 15-0336

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 55N

JOHN D. RUNKLE,

      Plaintiff and Appellant,

    v.

DUANE ALLEN,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV-13-261
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John D. Runkle, self-represented, Troy, Montana

      For Appellee:

          Amy N. Guth, Law Offices of Amy Guth, Libby, Montana

Submitted on Briefs:  January 13, 2016

Decided:  March 8, 2016

Filed:

_____
                Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     John D. Runkle appeals from the orders of the Nineteenth Judicial District Court, Lincoln County, granting summary judgment to Appellee Duane Allen, and sanctioning Runkle pursuant to M. R. Civ. P. 11 (Rule 11). This case arises from a dispute over a cabin in Yaak, Montana, which straddled portions of both Allen's and Runkle's land.

¶3     Runkle, through his LLC—World Famous Dirty Shame Saloon LLC—acquired real property in Yaak in April 2013. The Dirty Shame Saloon is located on this property. Allen purchased an adjacent five-acre parcel in November 2013. There are six small cabins located on Allen's property.

¶4     Prior to Allen's purchase, Runkle suspected that a portion of one of the cabins encroached on Runkle's property. Runkle surmised that he owned the entire cabin because access to the cabin's door was on his property. Runkle stored personal property in the cabin and posted a "no trespassing" sign on the cabin.

¶5     When Allen learned of the possible encroachment, he commissioned a survey of his property. According to Runkle, the survey disclosed that at least half of the cabin was located on Runkle's property. Runkle and Allen never communicated directly regarding

ownership of the cabin and neither gave permission to the other to enter upon their respective properties. Runkle did not remove his personal property from the cabin interior.

¶6 Sometime after the survey, Allen removed the cabin from its foundation and relocated the cabin off the property line. He separated the porch and entry from the cabin proper and left the porch on Runkle's property. In December 2013, Runkle, appearing on his own behalf, filed a complaint claiming damages for breach of contract, conversion, trespass, intentional infliction of emotional distress, and treble damages for waste. Runkle later amended his complaint to add claims against Geoff Decker for allegedly assisting with the cabin's relocation.

¶7 The District Court denied Allen's motion to dismiss the amended complaint. After the parties engaged in discovery, Runkle filed and then withdrew a second amended complaint. Runkle then requested permission to file a third amended complaint and add additional defendants. Allen opposed Runkle's motion to file a third amended complaint and moved for summary judgment on all issues. The court heard oral argument from the parties on July 23, 2014.

¶8 Following oral argument, Allen moved for Rule 11 sanctions against Runkle for Allen's attorney's fees and costs on the ground that Runkle's amended complaint was "based upon fanciful and frivolous legal theories that lack any authority or merit." On August 7, 2014, the District Court granted Allen's motion for summary judgment, and on October 22, 2014, it granted Rule 11 sanctions against Runkle for Allen's attorney's fees

and costs. The court denied Runkle's subsequent motion to set aside the sanctions on the ground that it was time barred under M. R. Civ. P. 59(e). Runkle did not attend the hearing at which the court determined the amount of fees to award, and thereafter the court entered final judgment dismissing Runkle's claims and awarding Allen attorney's fees in the amount of $12,513.30 with interest accruing at a rate of ten percent per annum.

¶9     On appeal, Runkle argues that the District Court erred by granting summary judgment and by denying his motion to file a third amended complaint. Runkle also claims that the court erred in imposing Rule 11 sanctions against him and abused its discretion by issuing sanctions without first conducting a hearing.

¶10    We review a district court's ruling on a motion for summary judgment de novo, applying M. R. Civ. P. 56(c)(3). *Bailey v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 119, ¶ 18, 370 Mont. 73, 300 P.3d 1149. We review de novo the district court's determination that a pleading violates Rule 11. *Byrum v. Andren*, 2007 MT 107, ¶ 19, 337 Mont. 167, 159 P.3d 1062. We review a district court's findings of fact underlying the conclusion to determine whether the findings are clearly erroneous. *Byrum*, ¶ 19. If the court determines that Rule 11 was violated, we review a district court's choice of sanction for abuse of discretion. *Byrum*, ¶ 19.

¶11    In granting summary judgment, the District Court began by rejecting one of Allen's arguments—that the complaint should be dismissed based on failure to prove that Runkle personally owns an interest in the Dirty Shame Property. The court concluded

4

that Runkle was "not non-suited by the failure to prove a property interest" because it was "clear from Runkle's testimony that the World Famous Dirty Shame Saloon, LLC, is the alter ego of John D. Runkle, personally."

¶12    In regard to Runkle's claims, the District Court concluded that Runkle "fail[ed] to present any facts that support a claim for breach of contract" because he and Allen "had no communication with each other regarding the cabin or the survey findings." Thus, the District Court concluded that the essential elements of a contract under § 28-2-301, MCA, did not exist. The court also concluded that Runkle's trespass and conversion claims failed as a matter of law. The court determined that Runkle could not prove that he owned the cabin to establish a claim for conversion, and that Runkle could not prove that Allen acted intentionally or recklessly in entering upon Runkle's property to establish a claim for trespass. Similarly, the court concluded that Runkle was not entitled to conversion damages for his personal property located in the portion of the cabin on Allen's real property. According to the court, Runkle, not Allen, had the legal duty to remove the property and "[h]is failure to do so does not create a cause of action." The court further concluded that Runkle's claim for waste—which he based on § 70-16-106, MCA—fails because that statute pertains to property waste committed by persons with a shared interest in real property and Runkle and Allen do not have shared interest in real property. Finally, the court concluded that Runkle failed to set forth a prima facie case to support an award of emotional distress damages because Runkle "fail[ed] to present proof that [his] 'stress' is so severe as to warrant compensation."

5

¶13 Runkle asserts the following arguments on appeal: 1) that the District Court abused its discretion by stating that the World Famous Dirty Shame Saloon LLC, is the alter ego of Runkle because such an order "could open up the LLC to additional liability by making a ruling on such an issue"; 2) that the District Court erred in concluding that "relocation of a structure located on Allen's property by Allen cannot be trespass or conversion against Runkle" because Allen had "admitted trespassing onto [Runkle's] property, tearing down 'no trespassing' signs, [and] cutting the lock off of the front door of the [cabin]" in interrogatories and during oral argument; 3) that the District Court never decided the issue of ownership of the cabin and "therefore a triable issue still exists"; 4) that the District Court should have considered Runkle's claim for waste because it was "feasible" for the District Court to conclude that Runkle and Allen shared or would have a shared interest in the property; and 5) that the District Court erred and abused its discretion in finding that Runkle failed to set forth a case for emotional distress damages because "it was a foreseeable certainty that [Runkle] would suffer such emotional distress and the infliction of such emotional distress is probably a motivation that inspired [Allen] to take such action to begin with."

¶14 Our review of the record demonstrates that Runkle has failed to substantiate a genuine issue of material fact to defeat summary judgment. To avoid summary judgment, the non-moving party must establish substantial evidence, as opposed to mere denial, speculation, or conclusory assertions that a genuine issue of material fact exists or that the moving party is not entitled to prevail under applicable law. *Hansard Mining,*

6

*Inc. v. McLean*, 2014 MT 199, ¶ 10, 376 Mont. 48, 335 P.3d 711. To support his claims on appeal, Runkle relies on conclusory assertions that are unsupported by legal authority as well as his own oral arguments from summary judgment proceedings. These arguments do not establish substantial evidence to raise a genuine issue of material fact.

¶15 Moreover, this appeal is the first time Runkle has argued that he partially owned the cabin, that he and Allen jointly owned the cabin, or that the cabin was affixed to Runkle's property. At all times before the District Court, Runkle argued that he alone owned the cabin because its entrance was on his property. We will not address an issue raised for the first time on appeal. *Hansen Trust v. Ward*, 2015 MT 131, ¶ 19, 379 Mont. 161, 349 P.3d 500. "This rule applies to both substantive and procedural matters, as well as to a change in a party's theory of the case." *Hansen Trust*, ¶ 19 (citation and internal quotation marks omitted). It is unfair to fault the trial court for an error when it was never given the opportunity to consider the issue. *Hansen Trust*, ¶ 19. We therefore decline to review these arguments on appeal. Accordingly, we affirm the District Court's order granting summary judgment to Allen.

¶16 In granting Rule 11 sanctions, the District Court concluded that while some of Runkle's claims were "arguably judicable," the "vast majority" of Runkle's legal theories were not supported by existing law and were not well-grounded in fact. For example, the court explained:

> [N]o law exists to support Runkle's theory that joint ownership in real property permits a stranger to title or interest to sue for waste. No law exists that permits a real property owner who relocates personal property

7

located on his or her own real property to be sued for trespass. No law exists to support Runkle's claim that the location of an encroaching structure's entrance dictates the ownership of the encroaching structure and the ground beneath the encroaching structure.

The court also took into account Runkle's pro se status, noting that, "[w]hile the Court may give procedural leeway to Runkle based on his *pro se* status, the Court is not inclined to permit Runkle to use the judicial process to harass Allen or to cause him needless financial harm." Quoting *D'Agostino v. Swanson*, 240 Mont. 435, 445, 784 P.2d 919, 925 (1990), the court determined that sanctions were appropriate in this case in order to punish Runkle for and deter the future use of "'wasteful and abusive litigation tactics.'" Therefore, the court concluded that it is "fair and appropriate that Runkle compensate Allen for his reasonable and necessary attorney's fees."

¶17 Runkle argues that the court denied him due process by failing to hold a hearing prior to issuing sanctions against him. Runkle also argues that the court erred in awarding sanctions because the court found at least part of his claims to be "arguably judicable."

¶18 Rule 11(b) provides, in relevant part,

b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

8

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

M. R. Civ. P. 11(b)(1)-(3).

¶19 If a court determines that Rule 11(b) has been violated, the court may impose appropriate sanctions so long as the party being sanctioned has had "notice and a reasonable opportunity to respond." M. R. Civ. P. 11(c)(1). We have held that before imposing Rule 11 sanctions, a district court "must provide the party with due process by giving [the party] notice to show cause and affording [him] an opportunity to be heard and to defend against the imposition of sanctions." *Brandt v. Sade*, 2000 MT 98, ¶ 36, 299 Mont. 256, 1 P.3d 929 (citations omitted). "We will not review a district court's procedural error unless the appellant has made a timely objection." *Kinsey-Cartwright v. Brower*, 2000 MT 198, ¶ 19, 300 Mont. 450, 5 P.3d 1026. "[I]t has long been the rule of this Court that on appeal we will not put a District Court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which appellant made no objection." *Kinsey-Cartwright*, ¶ 19 (citation and internal quotation marks omitted). In *Kinsey-Cartwright*, we determined that the appellant was entitled to a hearing regarding the district court's imposition of Rule 11 sanctions. *Kinsey-Cartwright*, ¶ 20. However, because the appellant did not cite to, and our review of the record did not reveal, an

objection to the district court's failure to conduct a hearing, we held that the district court did not err in failing to conduct a Rule 11 hearing. *Kinsey-Cartwright*, ¶ 20.

¶20 Similar to *Kinsey-Cartwright*, Runkle has not cited to, and the record does not reveal, that he objected to the District Court's failure to conduct a hearing prior to the court ordering sanctions against him. Runkle did not raise the issue of the hearing until he filed his motion to set aside the attorney's fees award on April 7, 2015—nearly six months after the court issued its Order Granting Rule 11 Sanctions. Even if Runkle's motion to set aside the sanctions order can be construed as raising an objection, Runkle cannot establish that his due process rights were violated because it is clear from the record that he had "notice and a reasonable opportunity to respond." M. R. Civ. P. 11(c)(1). Runkle received Allen's Motion and Memorandum in Support of Rule 11 Sanctions on August 4, 2014. On August 12, 2014, Runkle filed a seven-page response to the sanctions motion. The District Court did not issue its order granting sanctions until October 22, 2014. As such, Runkle had notice of potential sanctions against him, had a reasonable opportunity to respond to those allegations, and in fact did respond prior to the District Court's imposition of sanctions. Runkle did not seek a hearing until long after after the motion had been granted. Further, the District Court's statement that Runkle's claims were "arguably judicable" is not an endorsement of the merits. "Judicable" means "capable of being judged; liable to judgment." 2 *The Compact Edition of the Oxford English Dictionary* 1518 (Oxford Univ. Press, 1971). Having reviewed the record and

the basis for the District Court's order, we conclude that the court did not commit legal error and acted within its discretion when it granted sanctions to Allen against Runkle.

¶21　Allen also requests that this Court impose sanctions upon Runkle for filing this appeal. We may award sanctions on appeal, including attorney's fees and costs, if the claim for relief is "frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds." M. R. App. P. 19(5). In evaluating the issue of sanctions, "'we generally assess whether the arguments were made in good faith.'" *Hilten v. Bragg*, 2010 MT 273, ¶ 30, 358 Mont. 407, 248 P.3d 282 (quoting *Wolf's Interstate Leasing & Sales, L.L.C. v. Banks*, 2009 MT 354, ¶ 13, 353 Mont. 189, 219 P.3d 1260). Applying this standard, we decline to award Allen his attorney's fees and costs in this appeal.

¶22　We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court's orders granting summary judgment to Allen and imposing sanctions against Runkle are affirmed.

/S/ BETH BAKER

We concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE