DA 20-0065

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 130

ANIMALS OF MONTANA, INC., TROY HYDE, Permit Holder,

Petitioner and Appellant,

v.

STATE OF MONTANA, DEPARTMENT OF FISH, WILDLIFE, AND PARKS,

Respondent and Appellee.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV-15-999
Honorable Michael McMahon, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

Herman "Chuck" Watson, III, Herman Austin Watson, IV, Watson Law
Office, Bozeman, Montana

For Appellee:

Aimee Hawkaluk, Montana Fish, Wildlife, and Parks, Helena, Montana

Submitted on Briefs:  April 7, 2021

Decided:  May 25, 2021

Filed:

_____
Clerk

FILED

05/25/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0065

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Animals of Montana, Inc., (AMI) and Troy Hyde appeal from the January 17, 2020 Order on Petition for Judicial Review entered by the First Judicial District Court, Lewis & Clark County. The sole issue AMI raises on appeal is:

> *Whether the affirmative defense of entrapment by estoppel prevents the Department of Fish, Wildlife, and Parks (FWP) from revoking AMI's roadside menagerie permit.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 AMI operates under a roadside menagerie permit from FWP, the government agency tasked with permitting, regulating, and overseeing roadside menageries. AMI owns a large number of animals, which include tiger, African lion, brown bear, black bear, coyote, grey wolf, artic wolf, bobcat, lynx, badger, raccoon, red fox, pine marten, porcupine, fisher, cross fox, and black leopard. Among other things, AMI's permit required it to seek authorization and an indemnity agreement from FWP to take any animal offsite and required AMI to have a firearm or tranquilizer gun ready and available any time an animal is taken offsite and to keep the animal within an electrified barrier while offsite.

¶3 FWP issued AMI an indemnity agreement and granted permission to AMI to conduct an offsite exhibition in Nevada City on January 31 and February 1, 2015. Shortly thereafter, FWP received a complaint AMI had conducted an unlawful photography shoot with a wolf at the Pioneer Bar in Virginia City—several miles from Nevada City. FWP interviewed Hyde who admitted to conducting the photography shoot, admitted he did not have a tranquilizer gun as required by his permit, and admitted AMI had not set up an

2

electrical barrier as required by his permit. In November 2015, FWP conducted an inspection of AMI's premises and found numerous additional violations, including insufficiently secured cages, cages without sun shelter, unlocked padlocks, insufficient fresh water, and unsanitary and/or cramped cages. FWP issued AMI notice of revocation of its operating permit. AMI requested an administrative hearing. The hearing officer determined FWP established 22 violations. FWP issued a final order revoking AMI's permit. AMI petitioned the District Court for judicial review, raising several constitutional arguments. The District Court affirmed FWP's final order.

## STANDARD OF REVIEW

¶4 Under MAPA, the court may reverse or modify a final agency decision if substantial rights of the appellant have been prejudiced either because findings of fact upon issues essential to the decision were not made although requested, or because the administrative findings, inferences, conclusions, or decisions are (i) in violation of constitutional or statutory provisions; (ii) in excess of the statutory authority of the agency; (iii) made upon unlawful procedure; (iv) affected by other error of law; (v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Section 2-4-704(2), MCA; *Williamson v. Mont. Pub. Serv. Comm'n*, 2012 MT 32, ¶ 25, 364 Mont. 128, 272 P.3d 71.

**DISCUSSION**

¶5  *Whether the affirmative defense of entrapment by estoppel prevents FWP from revoking AMI's roadside menagerie permit.*

¶6  AMI contends the District Court failed to address entrapment by estoppel in its order, or, alternatively, faults the District Court for addressing and conflating entrapment by estoppel with equitable estoppel, as they are two distinct analyses. In its brief seeking judicial review of the agency final decision, AMI itself addressed equitable estoppel and entrapment by estoppel together. In the three and half pages of analysis covering both doctrines, AMI did not even state the elements of entrapment by estoppel and cited only a single unpublished memorandum opinion from the Ninth Circuit as support. The District Court did not err in addressing these issues together, as this is how AMI presented the issues to the court. *See Kinsey-Cartwright v. Brower*, 2000 MT 198, ¶ 19, 300 Mont. 450, 5 P.3d 1026 ("[W]e will not put a District Court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which appellant made no objection." (quoting *Green v. Green*, 176 Mont. 532, 536, 579 P.2d 1235, 1237 (1978)).

¶7  Further, AMI failed to present the District Court with any analysis or point to any evidence in the record to support the application of entrapment by estoppel in this case. Entrapment by estoppel is a defense recognized by the United States Supreme Court and every federal circuit court of appeals. *See* Note, *The Immunity-Conferring Power of the Office of Legal Counsel*, 121 Harv. L. Rev. 2086, 2093-94 (2008). It derives from the Due Process Clauses of the United States Constitution, which prohibits convictions based on misleading actions by government officials. *United States v. Batterjee*, 361 F.3d 1210,

4

1216 (9th Cir. 2004) (citing *Cox v. Louisiana*, 379 U.S. 559, 85 S. Ct. 476 (1965), and *Raley v. Ohio*, 360 U.S. 423, 79 S. Ct. 1257 (1959)).

> In order to establish entrapment by estoppel, a defendant must show that (1) an authorized government official, empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told him the proscribed conduct was permissible, (4) that he relied on the false information, and (5) that his reliance was reasonable. As to this last element, we have stated that a defendant's reliance is reasonable if a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries.

*Batterjee*, 361 F.3d at 1216-17 (internal quotations, citations and footnote omitted). In short, for an entrapment by estoppel defense, the defendant must reasonably believe its actions are indeed lawful, because of affirmative statements from an authorized government official. AMI alleges FWP changed how it enforced statutory and regulatory violations without notice. AMI does not argue FWP affirmatively led it to believe its actions—failing to have a tranquilizer or electric enclosure at an offsite photography shoot, taking animals to a different location than that listed in the agreement with FWP, failing to provide clean drinking water, failing to padlock cages, failing to provide appropriate cover from the sun, etc.—were in fact lawful actions, but rather it argues FWP led it to believe it would not be penalized for acting unlawfully without first having a chance to correct its violations. The defense of entrapment by estoppel does not apply in this situation. On appeal and before the District Court, AMI pointed to no facts in the record that could support an entrapment by estoppel defense.

5

**CONCLUSION**

¶8      The District Court is affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE